## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX, and MARK LOUVIERE, individually and on behalf of all similarly situated individuals,**

     **Plaintiffs,**

**VERSUS**

**FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF ALEXANDRIA, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC; and FLOWERS BAKING COMPANY OF TYLER, LLC,**

     **Defendants.**

**CIVIL ACTION NO. 15-cv-2557**

**DISTRICT JUDGE RICHARD T. HAIK, SR.**

**MAGISTRATE JUDGE CAROL B. WHITEHURST**

_____

## FLOWERS BAKING CO. OF NEW ORLEANS, LLC'S ANSWER TO FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
_____

NOW INTO COURT, through undersigned counsel, comes Defendant in the above-entitled and numbered cause, Flowers Baking Co. of New Orleans, LLC, hereinafter referred to as "FBC of New Orleans," and files its Answer to Plaintiffs' First Amended Class and Collective Action Complaint ("Complaint").

All allegations in the Complaint are denied unless expressly admitted herein. Furthermore, FBC of New Orleans reserves any and all applicable defenses and objections to the allegations in the Complaint, and reserves the right to amend this Answer to assert new or additional defenses and objections.  In response to the specific allegations in the Complaint, FBC of New Orleans respectfully states as follows:

1

1.     With regard to Paragraph 1 of the Complaint, FBC of New Orleans admits that Plaintiffs purport to bring this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and a class action alleging violations of the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631, *et seq.* FBC of New Orleans denies that Plaintiffs are suitable representatives for a collective or class action or that collective or class action relief is appropriate in this action.  FBC of New Orleans further denies that it violated the FLSA, the Louisiana Wage Payment Act, or any other federal or state law by or through its classification of its independent contractor distributors as independent contractors or by or through any other actions alleged in the Complaint.

2.     FBC of New Orleans admits that it contracts with independent contractor distributors who or which deliver and sell products to various customers, stock products on store shelves, and assemble promotional displays.  FBC of New Orleans denies that it ever had a contractual or other business relationship with any of Plaintiffs, and denies the allegations pertaining to Plaintiffs for lack of sufficient information to justify belief therein.  FBC of New Orleans denies the remaining allegations contained in Paragraph 2 of the Complaint, and specifically denies that it ever "employed" independent contractor distributors within the meaning of applicable federal and Louisiana laws.

3.     Paragraph 3 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans denies the allegations contained in Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans denies the allegations contained in Paragraph 4 of the Complaint.

5.     FBC of New Orleans denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information to justify belief therein.

6.      FBC of New Orleans denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information to justify belief therein.

7.      FBC of New Orleans denies the allegations contained in Paragraph 7 of the Complaint for lack of sufficient information to justify belief therein.

8.      FBC of New Orleans denies the allegations contained in Paragraph 8 of the Complaint for lack of sufficient information to justify belief therein.

9.      FBC of New Orleans denies the allegations contained in Paragraph 9 of the Complaint for lack of sufficient information to justify belief therein.

10.     FBC of New Orleans denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information to justify belief therein.

11.     FBC of New Orleans admits that Flowers Foods, Inc. ("Flowers Foods") is a Georgia corporation with a principal place of business at 1919 Flowers Circle, Thomasville, Georgia.  FBC of New Orleans denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     FBC of New Orleans admits that it, Flowers Baking Co. of Lafayette, LLC, Flowers Baking Co. of Alexandria, LLC, and Flowers Baking Co. of Baton Rouge, LLC are Louisiana limited liability companies, that Flowers Baking Co. of Tyler, LLC is a Texas limited liability company, and that all such entities are wholly-owned subsidiaries of Flowers Foods. FBC of New Orleans denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans denies the allegations contained in Paragraph 13 of the Complaint.

14.     FBC of New Orleans denies that collective or class action relief is appropriate in this action.  FBC of New Orleans further denies it is liable for or owed any monies to

Plaintiffs or the members of the purported classes for any actions alleged in the Complaint. FBC of New Orleans denies the remaining allegations in Paragraph 14 of the Complaint for lack of sufficient information to justify belief therein.

15.    FBC of New Orleans denies the allegations in Paragraph 15 of the Complaint for lack of sufficient information to justify belief therein.

16.    Paragraph 16 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans denies that collective or class action relief is appropriate in this action and denies all other allegations contained in Paragraph 16 of the Complaint.

17.    FBC of New Orleans denies that Plaintiffs are suitable representatives for a collective action or that collective-action relief is appropriate in this action.  FBC of New Orleans further denies that Plaintiffs' allegations in Paragraph 17 of the Complaint set forth a proper collective-action class under the FLSA.  FBC of New Orleans further denies that it violated the FLSA by or through its classification of its independent contractor distributors as independent contractors or by or through any other actions alleged in the Complaint, and denies that Plaintiffs were employed by any of the Defendants named in this action.  FBC of New Orleans further denies that Flowers Baking Co. of Alexandria, LLC or Flowers Foods ever had any contractual or other business relationship with Plaintiffs or the purported class members.

18.    FBC of New Orleans denies the allegations contained in Paragraph 18 of the Complaint.

19.    FBC of New Orleans denies the allegations contained in Paragraph 19 of the Complaint.

20.    FBC of New Orleans denies the allegations contained in Paragraph 20 of the Complaint.

21.     FBC of New Orleans denies the allegations contained in Paragraph 21 of the Complaint.

22.     FBC of New Orleans denies the allegations contained in Paragraph 22 of the Complaint.

23.     FBC of New Orleans denies the allegations contained in Paragraph 23 of the Complaint.

24.     FBC of New Orleans denies the allegations contained in Paragraph 24 of the Complaint.

25.     FBC of New Orleans denies that Plaintiffs are suitable representatives for a class action or that class-action relief is appropriate in this action.  FBC of New Orleans further denies that Plaintiffs' allegations in Paragraph 25 of the Complaint set forth a proper class under Rule 23 of the Federal Rules of Civil Procedure.  FBC of New Orleans further denies that it violated the FLSA by or through its classification of its independent contractor distributors as independent contractors or by or through any other actions alleged in the Complaint, and denies that Plaintiffs were employed by any of the Defendants named in this action.  FBC of New Orleans further denies that Flowers Baking Co. of Alexandria, LLC or Flowers Foods ever had any contractual or other business relationship with Plaintiffs or the purported class members.

26.     FBC of New Orleans denies that members of the purported class are so numerous that individual joinder is impracticable and further denies that Plaintiffs have otherwise set forth a proper class under Rule 23 of the Federal Rules of Civil Procedure. FBC of New Orleans denies the remaining allegations in Paragraph 26 of the Complaint for lack of sufficient information to justify belief therein.

27.     FBC of New Orleans denies the allegations contained in Paragraph 27 of the Complaint.

28.     FBC of New Orleans denies the allegations contained in Paragraph 28 of the Complaint.

29.     FBC of New Orleans denies the allegations contained in Paragraph 29 of the Complaint.

30.     FBC of New Orleans denies the allegations contained in Paragraph 30 of the Complaint.

31.     FBC of New Orleans denies the allegations contained in Paragraph 31 of the Complaint.

32.     FBC of New Orleans denies the allegations contained in Paragraph 32 of the Complaint.

33.     FBC of New Orleans denies the allegations contained in Paragraph 33 of the Complaint.

34.     FBC of New Orleans denies the allegations contained in Paragraph 34 of the Complaint.

35.     FBC of New Orleans denies the allegations contained in Paragraph 35 of the Complaint.

36.     FBC of New Orleans denies the allegations contained in Paragraph 36 of the Complaint.

37.     FBC of New Orleans denies the allegations contained in Paragraph 37 of the Complaint.

38.     FBC of New Orleans admits that independent contractor distributors who perform services under contract with FBC of New Orleans do not receive bonuses related to the performance of their contractual services, and are not required by FBC of New Orleans to attend sales conferences.  FBC of New Orleans denies that it ever had any contractual or other business relationship with Plaintiffs, and denies the allegations pertaining to Plaintiffs

for lack of sufficient information to justify belief therein. FBC of New Orleans denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     FBC of New Orleans denies the allegations contained in Paragraph 39 of the Complaint.

40.     FBC of New Orleans denies the allegations contained in Paragraph 40 of the Complaint.

41.     FBC of New Orleans denies the allegations contained in Paragraph 41 of the Complaint.

42.     FBC of New Orleans denies the allegations contained in Paragraph 42 of the Complaint.

43.     FBC of New Orleans admits the allegations contained in Paragraph 43 of the Complaint as to all Flowers Foods' subsidiaries named in this action except Flowers Baking Co. of Alexandria, LLC, which is simply a holding company.

44.     FBC of New Orleans denies the allegations contained in Paragraph 44 of the Complaint, including subparts (a)–(k).

45.     FBC of New Orleans denies the allegations contained in Paragraph 45 of the Complaint.

46.     FBC of New Orleans denies the allegations contained in Paragraph 46 of the Complaint.

47.     FBC of New Orleans denies the allegations contained in Paragraph 47 of the Complaint.

48.     FBC of New Orleans admits that independent contractor distributors use hand-held computers to process certain transactions.  FBC of New Orleans denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     FBC of New Orleans denies the allegations contained in Paragraph 49 of the Complaint.

50.     FBC of New Orleans denies the allegations contained in Paragraph 50 of the Complaint.

51.     FBC of New Orleans denies the allegations contained in Paragraph 51 of the Complaint.

52.     FBC of New Orleans denies the allegations contained in Paragraph 52 of the Complaint.

53.     FBC of New Orleans denies the allegations contained in Paragraph 53 of the Complaint.

54.     FBC of New Orleans denies the allegations contained in Paragraph 54 of the Complaint.

55.     FBC of New Orleans denies that Plaintiffs and the purported class members work an average of 50–55 hours per week for lack of sufficient information to justify belief therein.  FBC of New Orleans denies the remaining allegations contained in Paragraph 55 of the Complaint, and specifically denies that independent contractor distributors, including Plaintiffs and the purported class members, are entitled to overtime compensation under applicable federal or Louisiana law.

56.     FBC of New Orleans denies that the alleged number of hours worked on a weekly basis by Plaintiffs and the purported class members for lack of sufficient information to justify belief therein.  FBC of New Orleans denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     FBC of New Orleans denies the allegations contained in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans re-alleges and incorporates by reference its response to each and every allegation set forth in the preceding Paragraphs.

59.     Paragraph 59 of the Complaint contains statements regarding the statute under which claims in this action are brought and/or legal conclusions that require no response by FBC of New Orleans. To the extent that a response is required, FBC of New Orleans denies the allegations in Paragraph 59 of the Complaint.

60.     FBC of New Orleans denies the allegations contained in Paragraph 60 of the Complaint.

61.     FBC of New Orleans denies the allegations contained in Paragraph 61 of the Complaint.

62.     FBC of New Orleans denies the allegations related to hours worked by Plaintiffs and the purported class members contained in Paragraph 62 of the Complaint for lack of sufficient information to justify belief therein.  FBC of New Orleans further denies that it ever had any contractual or other business relationship with Plaintiffs, and denies the allegations pertaining to Plaintiffs for lack of sufficient information to justify belief therein. FBC of New Orleans admits that independent contractor distributors who perform services under contract with FBC of New Orleans do not receive overtime compensation.  FBC of New Orleans denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.     FBC of New Orleans admits the allegations contained in Paragraph 63 of the Complaint.

64.     FBC of New Orleans denies the allegations contained in Paragraph 64 of the Complaint.

65.     FBC of New Orleans denies the allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint contains a demand for relief and/or legal conclusions that require no response by FBC of New Orleans.  To the extent that a response is required, FBC of New Orleans denies the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint is procedural and/or descriptive in nature and requires no response by FBC of New Orleans.  To the extent a response is required, FBC of New Orleans re-alleges and incorporates by reference its response to each and every allegation set forth in the preceding Paragraphs.

68.     Paragraph 68 of the Complaint contains legal conclusions that require no response by FBC of New Orleans.  To the extent that a response is required, FBC of New Orleans denies the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains legal conclusions that require no response by FBC of New Orleans.  To the extent that a response is required, FBC of New Orleans denies the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains legal conclusions that require no response by FBC of New Orleans.  To the extent that a response is required, FBC of New Orleans denies the allegations in Paragraph 70 of the Complaint.

71.     FBC of New Orleans denies the allegations contained in Paragraph 71 of the Complaint, including the allegations in Paragraph 71(a)–(3).

72.     FBC of New Orleans denies the allegations contained in Paragraph 72 of the Complaint.

73.     FBC of New Orleans denies that it and/or any of the Defendants has violated Louisiana law, or any other state or federal law, with respect to Plaintiffs and the purported class members, by or through any actions alleged in the Complaint.   The remaining

allegations contained in Paragraph 73 of the Complaint contain a demand for relief and/or legal conclusions that require no response by FBC of New Orleans. To the extent that a response is required, FBC of New Orleans denies the remaining allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains a jury demand, which FBC of New Orleans does not contest, and which requires no response by FBC of New Orleans. FBC of New Orleans denies the remaining allegations contained in Paragraph 74 of the Complaint.

FBC of New Orleans further denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief following Paragraph 74 of the Complaint, including items (a)–(j) therein.

FBC of New Orleans denies each and every allegation contained in Plaintiffs' Complaint not expressly admitted above.

## **OTHER DEFENSES**

In further answer to the Complaint, FBC of New Orleans raises the following additional defenses, without conceding that FBC of New Orleans bears the burden of proof or persuasion as to any defense hereafter listed except as required by applicable law, respectfully stating as follows:

## **FIRST DEFENSE**

Plaintiffs' claims against Flowers Foods are barred to the extent the Court lacks jurisdiction over Flowers Foods and to the extent Flowers Foods is not a real party in interest. Flowers Foods owns approximately forty (40) baking subsidiaries, including those subsidiaries named in this action. Flowers Foods does not conduct any significant activities in Louisiana and does not exercise any day-to-day control over any of the foregoing subsidiaries, nor has it done so at any time relevant to this case.

Neither does Flowers Foods have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals Plaintiffs purport to represent.  As such, Flowers Foods has insufficient contacts with the State of Louisiana to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

### SECOND DEFENSE

Flowers Foods is improperly joined in this action because Flowers Foods was not Plaintiffs' "employer" or the "employer" of those individuals Plaintiffs purport to represent.

### THIRD DEFENSE

Plaintiffs' claims against Flowers Baking Co. of Alexandria, LLC, Flowers Baking Co. of Tyler, LLC and FBC of New Orleans are barred to the extent they are not real parties in interest.  Flowers Baking Co. of Alexandria, LLC is simply a holding company, and does not have (nor did it ever have) any contractual or other business relationship with Plaintiffs or those individuals Plaintiffs purport to represent.  Furthermore, neither Flowers Baking Co. of Tyler, LLC nor FBC of New Orleans has (nor did it ever have) any contractual or other business relationship with Plaintiffs.

### FOURTH DEFENSE

At least some of the claims by Plaintiffs and those individuals Plaintiffs purport to represent have been waived and/or otherwise fail to state a cause of action because Plaintiffs failed to comply with the notice requirement contained in the Company Breach provision of their Distributor Agreements.

### FIFTH DEFENSE

At least some of the claims by Plaintiffs and those individuals Plaintiffs purport to represent are barred because Plaintiffs and those individuals Plaintiffs purport to represent authorized certain deductions.

## SIXTH DEFENSE

To the extent Plaintiffs and those individuals Plaintiffs purport to represent base their claims upon a document or documents extraneous to their Distributor Agreements, Plaintiffs and those individuals Plaintiffs purport to represent fail to state a cause of action due to the Entire Agreement provision in their Distributor Agreements.  Specifically, unless set forth in the Distributor Agreement, no party shall be liable for any representation made to any other. Moreover, the Distributor Agreement may be amended or modified only by a writing signed by all parties.

## SEVENTH DEFENSE

The claims by Plaintiffs and those individuals Plaintiffs purport to represent are barred, at least in part, by the contractual limitations of damages provisions to which they agreed in their Distributor Agreements.

## EIGHTH DEFENSE

Some of the claims by Plaintiffs and those individuals Plaintiffs purport to represent may be barred by the doctrines of release and waiver to the extent they executed a valid release and waiver in exchange for consideration.

## NINTH DEFENSE

The claims of Plaintiffs and those individuals Plaintiffs purport to represent are barred, at least in part, under the doctrines of accord and satisfaction, payment or set off, to the extent they have accepted certain payments made to them, having effectuated an accord and satisfaction of at least part of their claims.

## TENTH DEFENSE

At least some of the claims by Plaintiffs and those individuals Plaintiffs purport to represent may be barred to the extent they have filed for bankruptcy and not disclosed the

claims asserted herein as assets of the bankruptcy estate in the bankruptcy Complaint or attached schedules.

## ELEVENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent fail to state a claim on which relief can be granted under the Louisiana Wage Payment Act, La. Rev. Stat. § 23:631, et seq.  Specifically, Plaintiffs and those individuals Plaintiffs purport to represent are independent contractor distributors and not "employees" under Louisiana law. The Louisiana Wage Payment Act applies only to "employees" and "employers."  As such, Plaintiffs and those individuals Plaintiffs purport to represent have no cause of action and/or no right of action thereunder or under any employment-based statute or theory.

Furthermore, Plaintiffs and those individuals Plaintiffs purport to represent are not paid commissions.  Rather, Plaintiffs and those individuals Plaintiffs purport to represent purchase products from Flowers Foods' subsidiaries at a discounted wholesale price, take title to such goods, and, in turn, sell such products to their customers.  Plaintiffs' incomes, and the incomes for those individuals Plaintiffs purport to represent, are based on this profit margin less their business expenses incurred in operating their distributorships.

## TWELFTH DEFENSE

Even assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent are "employees," which FBC of New Orleans denies, they still have no cause of action under the Louisiana Wage Payment Act or the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as they are exempt from overtime requirements under both the outside sales exemption and the Motor Carrier exemption.

## THIRTEENTH DEFENSE

Even assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent are "employees," which is denied, they cannot assert claims for overtime under the

Louisiana Wage Payment Act because they are/were retained by an enterprise engaged in commerce in the production of goods for commerce, as defined by the FLSA, and thus such claims are preempted by the FLSA.

### FOURTEENTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to recovery based on the causes of action asserted in the Complaint because and to the extent that such causes are barred by the applicable statutes of limitations under the FLSA and/or the Louisiana Wage Payment Act.

### FIFTEENTH DEFENSE

At least some of the claims by Plaintiffs and those individuals Plaintiffs purport to represent are barred because business relationships between FBC of New Orleans and the independent contractor distributors constitute franchises under Louisiana law.

### SIXTEENTH DEFENSE

Plaintiffs cannot establish that a class action is appropriate because the purported members of the class are not so numerous that joinder of all members is impractical.

### SEVENTEENTH DEFENSE

Plaintiffs cannot establish that a class action is appropriate because there are not sufficient questions of law or fact common to Plaintiffs and the purported class members.

### EIGHTEENTH DEFENSE

Plaintiffs cannot establish that a class action is appropriate because Plaintiff's claims or defenses are not typical of the claims or defenses of the purported class members.

### NINETEENTH DEFENSE

Plaintiffs cannot establish that a class action is appropriate because Plaintiffs will not fairly and adequately represent and protect the interests of the purported class members.

## TWENTIETH DEFENSE

Plaintiffs cannot establish that a class action is appropriate because prosecution of separate actions would not create a risk of (a) inconsistent or varying adjudications for individual purported class members and/or (b) adjudications that would be dispositive of the interests of other purported class members or that would substantially impair or impede their ability to protect their interests.

## TWENTY-FIRST DEFENSE

Plaintiff cannot establish that a class action is appropriate because questions of law or fact that are allegedly common to the purported class members do not predominate over questions affecting individual class members.

## TWENTY-SECOND DEFENSE

Plaintiff cannot establish that a class action is appropriate because class-action resolution is not superior to other available methods for the fair and efficient adjudication of this case.

## TWENTY-THIRD DEFENSE

Neither Plaintiffs nor those individuals Plaintiffs purport to represent are "similarly situated" under the FLSA, as amended by the Portal-to-Portal Act, id. §§ 251–62, because Plaintiffs and those they purport to represent worked in different warehouses, under different managers, with different day-to-day practices, at different time periods, and under different circumstances, among others, during the relevant time period.

## TWENTY-FOURTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent are employees under the FLSA, their claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the FLSA because Plaintiffs and those individuals Plaintiffs purport to represent are consistently

and regularly engaged in making sales away from the premises of Flowers Foods'
subsidiaries named in this action.

## TWENTY-FIFTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent
are employees under the FLSA, their claims for overtime and all associated costs, expenses,
and fees are barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the
FLSA, because Plaintiffs and those individuals Plaintiffs purport to represent drive or drove
vehicles with a Gross Vehicle Weight Rating or Gross Vehicle Weight of at least 10,001
pounds, transport or were subject to transporting certain goods originating out of state, and
because there is practical continuity of movement of these goods until they reach retail
customers.

## TWENTY-SIXTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent
are subject to the FLSA, and assuming, *arguendo*, that Plaintiffs and those individuals
Plaintiffs purport to represent do not fall within any exemption to the FLSA, some or all of
the time worked by Plaintiffs and those individuals Plaintiffs purport to represent is not
compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

## TWENTY-SEVENTH DEFENSE

None of Flowers Foods' subsidiaries named in this action, or any of their officers,
directors, managers, or agents, committed any willful violation of the overtime provisions of
the FLSA, nor did they ratify any such violation.

## TWENTY-EIGHTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent
are employees under the FLSA, and further assuming, *arguendo*, Plaintiffs and those
individuals Plaintiffs purport to represent could establish actual claims, Plaintiffs and those

individuals Plaintiffs purport to represent are not entitled to liquidated damages because, under Section 11 of the Portal-to-Portal Act, Flowers Foods' subsidiaries named in this action acted in good faith and have reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

### TWENTY-NINTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs purport to represent are covered by the FLSA, none of Flowers Foods' subsidiaries named in this action, or any of their officers, directors, managers, or agents, knew or intended that alleged acts or omissions, which FBC of New Orleans denies, were prohibited by the FLSA. Furthermore, none of Flowers' Foods subsidiaries named in this action showed reckless indifference to or disregard for the requirements of the FLSA, nor did they ratify any such acts or omissions.

### THIRTIETH DEFENSE

At all relevant times Flowers Foods' subsidiaries named in this action honestly intended to ascertain the FLSA's requirements and to comply with them.

### THIRTY-FIRST DEFENSE

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims on behalf of those individuals Plaintiffs purport to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

### THIRTY-THIRD DEFENSE

FBC of New Orleans asserts the Affirmative and Other Defenses set forth herein with respect to all individuals who conditionally opt-into this case or do not opt-out of any Rule 23 class, to the extent one is certified, which FBC of New Orleans denies is appropriate.

### THIRTY-FOURTH DEFENSE

Plaintiffs and those individuals Plaintiffs purport to represent are not entitled to injunctive relief because the allegations of the Complaint do not meet the legal requirements for such relief.

### THIRTY-FIFTH DEFENSE

Some or all of the purported claims in Plaintiffs' Complaint are barred because none of Flowers Foods' subsidiaries named in this action has acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

### THIRTY-SIXTH DEFENSE

Plaintiffs' requests for relief that are equitable in nature must be dismissed because Plaintiffs and those they seek to represent have adequate remedies at law.

FBC of New Orleans will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, PREMISES CONSIDERED, Flowers Baking Co. of New Orleans, LLC prays that, after due proceedings, Plaintiffs' claims in this suit be dismissed on the merits with prejudice, and that Defendants be awarded their attorney's fees and costs of court, together with such other and further relief, whether general or special, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted, this 21st day of December, 2015.



                                    */s/ Matthew M. McCluer*
                                    Gregory Guidry, LA Bar No. 06489
                                    Matthew M. McCluer, LA Bar No. 33970
                                    **OGLETREE, DEAKINS, NASH, SMOAK &
                                    STEWART, P.C.**
                                    603 Silverstone Road, Suite 102A
                                    Lafayette, LA 70508
                                    Telephone: 337.769.6583
                                    701 Poydras Street, Suite 3500
                                    New Orleans, LA  70139
                                    Telephone:  504.648.3852
                                    Facsimile:  504.648.3859
                                    Email:  gregory.guidry@ogletreedeakins.com
                                            matthew.mccluer@ogletreedeakins.com

                                    ATTORNEYS FOR DEFENDANTS



                          **CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the foregoing Answer has been filed via the Court's

ECF/CM system, which will provide notice to all counsel of record, this 21st day of

December, 2015.


                                    */s/ Matthew M. McCluer*
                                    Matthew M. McCluer

                                                        23344494.1