## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX and MARK LOUVIERE, individually and on behalf of all similarly situated individuals,**

    **Plaintiffs,**

**VERSUS**

**FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF ALEXANDRIA, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC; and FLOWERS BAKING COMPANY OF TYLER, LLC**

    **Defendants.**

**CIVIL ACTION NO. 15-cv-2557**

**DISTRICT JUDGE S. MAURICE HICKS, JR.**

**MAGISTRATE JUDGE CAROL B. WHITEHURST**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## RULE 26(f) REPORT

**Trial Date:**    January 9, 2017 at 9:30 A.M. in Lafayette

**Pretrial Conference Date:**    December 13, 2016 at 4:30 P.M. in Lafayette

**Type of Trial and Estimated Length:**  Jury.  The length of any trial will depend on whether this case proceeds as a collective and/or class action through trial.

1. **Participants:**

   For the Plaintiffs: Ryan Goudelocke, Durio, McGoffin, Stagg & Ackermann

   For the Defendants: Margaret Hanrahan, Matthew M. McCluer and Gregory Guidry, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2. **Affirmation Regarding Initial Disclosures:**

    The Parties have fully complied with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Plaintiffs' initial disclosures were served upon counsel for the Defendants on January 28, 2016 which was within the deadline contained in the Scheduling Order. Defendants' initial disclosures were timely served upon counsel for Plaintiffs.

3. **Jurisdictional Basis**:

    This Court has jurisdiction over the claims asserted in this action pursuant to federal question jurisdiction (28 U.S.C. § 1331) and supplemental jurisdiction for state-law claims (28 U.S.C. § 1367). No party objects to the subject-matter jurisdiction of this Court.

4. **Brief Description of Claims**:

    The Plaintiffs claim loss of overtime compensation and for the failure of the Defendants to compensate them for all time worked. The Plaintiffs seek overtime compensation for every hour of overtime worked from October 21, 2012 to the present for which they were not compensated as required by the Fair Labor Standards Act. In addition, the Plaintiffs seek the reimbursement of all unauthorized and illegal deductions from their wages in violation of Louisiana Law. The Plaintiffs also seek interest, damages, liquidated damages, penalties, attorney fees and costs as provided by the Fair Labor Standards Act and La. R.S. 23:631-635. Plaintiffs believe that there are numerous other similarly situated individuals so as to form a Federal Collective Group and a Louisiana Class and, as a result, this class action is appropriate.

5. **Brief Statement of Responses:**

    Defendants deny that Plaintiffs and those distributors Plaintiffs seek to represent, who Defendants deny are similarly situated, are entitled to overtime compensation under the FLSA, as all such distributors are/were independent contractors and not employees at all times relevant to this dispute. Even if Plaintiffs and those distributors Plaintiffs seek to represent were employees—which Defendants expressly deny—they are nonetheless exempt from overtime compensation under the FLSA pursuant to the Motor Carrier Act exemption and/or the outside sales exemption.

    Additionally, Plaintiffs are not similarly situated to each other or to other distributors who they purport to represent in this action, nor is Rule 23 class treatment appropriate for their claims, because they operated out of different warehouses, in association with different sales management, serviced different territories with different account compositions, and took advantage of the entrepreneurial opportunities in different ways, among others.

    Defendants are also not liable under Louisiana law because they are not "employers" and Plaintiffs and those distributors they seek to represent are not "employees." Even assuming,

*arguendo*, they are employees, which is denied, Defendants have not withheld or failed to pay any "wages" due to Plaintiffs or those distributors Plaintiffs seek to represent.

Additionally, Plaintiffs claims, and the claims of those distributors Plaintiffs seek to represent, arising after August 1, 2015 are barred to the extent that the distributors' businesses constitute a "franchise" under Louisiana and federal law.

Finally, Flowers Foods, FBC Alexandria, FBC New Orleans, and FBC Tyler are not proper Parties to this action.

6. **Anticipated Amendments to Pleadings and Motions:**

Plaintiffs anticipate that additional Plaintiffs will opt-in and will be added as Parties to this action. In the event the court decides this matter should not proceed as a collective action, Defendants believe such opt-in Plaintiffs should be dismissed without prejudice. It is anticipated that the Plaintiffs will request conditional certification of the FLSA claim and certification of the Louisiana state law claims when it is appropriate to do so. It is anticipated that the Defendants will oppose such motions and also seek to decertify any conditional FLSA class. It is also reasonably anticipated that some of the issues may be decided by summary judgment.

7. **Anticipated Expert Witnesses**:

The Plaintiffs have not consulted with any expert witnesses at this time. Defendants are considering potential expert witnesses. The Discovery Plan set forth below sets forth deadlines for the disclosure of expert witnesses and the exchange of expert reports.

8. **Discovery Plan**:

The Parties have conferred regarding proposed discovery for this action and deadlines for filing motions for and opposition to collective action and class certification. The Parties propose that discovery be conducted in two (2) phases, discussed below:

**First Phase of Discovery**: The first phase of discovery shall focus on Section 216(b) conditional certification issues pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | March 1, 2016 |
| Discovery ends: | June 1, 2016 |
| Plaintiffs' conditional certification motion due: | July 1, 2016 |
| Defendant's response due: | August 1, 2016 |
| Plaintiff's reply due: | August 15, 2016 |

3

The Parties agree to toll the statute of limitations for all Plaintiffs' and putative Plaintiffs' claims until June 1, 2016. Each party shall be entitled to serve a maximum of twenty-five (25) interrogatories, including subparts, and twenty-five (25) requests for production of documents on each other party and any opt-in party before these first phase depositions.

Defendants may depose the six (6) named Plaintiffs and three (3) select opt-in Plaintiffs of Defendants choosing. Such depositions shall be scheduled to take place at the offices of Durio, McGoffin, Stagg & Ackermann in Lafayette, Louisiana, unless otherwise agreed by the Parties and shall be limited to a total of four (4) hours each under oath, without prejudice to Defendants' ability later in the case to take a full seven-hour deposition of each individual with respect to merits discovery, class certification issues and decertification issues (if a class is conditionally certified).

**Second Phase of Discovery**: The second phase of discovery shall focus on the merits, class certification and decertification issues (if a class is conditionally certified) pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | The day after Court's conditional-certification order |
| Expert disclosures due: | 90 days before Second Phase discovery ends |
| Expert reports due: | 75 days before Second Phase discovery ends |
| Discovery ends: | 180 days after Second Phase discovery begins |
| Plaintiff's motion for class certification due: | 30 days after Second Phase discovery ends |
| Defendant's motion to decertify class due: | 30 days after Second Phase discovery ends |
| Parties' responses to motions due: | 30 days after motions are filed |
| Parties' replies to motions due: | 15 days after responses are filed |
| Rule 23(e) supplementations due: | 30 days before trial |

The Parties agree to submit to this Court a proposed schedule for this second phase of discovery with definite dates once this Court enters an order regarding conditional certification.

The Parties agree that Defendants collectively may serve second phase written discovery on each named and opt-in Plaintiff, not to exceed twenty-five (25) interrogatories, including discrete subparts, twenty-five (25) requests for production of documents and twenty-five (25) requests for admission per named or opt-in Plaintiff. The Parties agree that Plaintiffs collectively may serve second phase written discovery on Defendants, not to exceed twenty-five (25) interrogatories, including discrete subparts, twenty-five (25) requests for production of documents and twenty-five (25) requests for admission. Assuming the Court conditionally certifies any or all of Plaintiff's proposed class, the Parties agree to confer regarding the number

of opt-in Plaintiff depositions Defendants may take and the number of depositions Plaintiffs may take. If the Parties are unable to reach an agreement regarding the appropriate number of depositions, the Parties agree to seek guidance from this Court regarding same.

**Other Discovery Provisions:**

    a. Discovery Limits

In addition to those limits discussed above, the Parties have agreed that all responses to requests for production of documents, interrogatories and admissions are due thirty (30) days after service, subject to applicable rules, written stipulation of the Parties or order of this Court.

The Parties agree that Plaintiffs and Defendants are limited to two (2) experts each. The Parties have agreed upon deadlines for disclosure of experts and expert discovery, as set forth above.

    b. Dispositive Motions

The Parties agree that dispositive motions may be filed at any time on any claim(s) asserted by any named or opt-in Plaintiff on or before sixty (60) days after the Court's final ruling on class certification or on decertification, whichever is later.

    c. Electronically-Stored Information ("ESI")

The Parties will confer regarding the scope of potentially relevant ESI that is requested during the course of discovery and agree upon mutual search terms to govern the same. The Parties agree that production of ESI (with the exception of any data production) shall be produced as black and white PDF files at 300 dpi resolution or greater to the extent possible. All electronic documents attached to an email are to be produced contemporaneously and sequentially immediately after the parent email.

The Parties will discuss any metadata issues with the goal of meeting the Parties' respective discovery needs and obligations.

The Parties have agreed that any hard copy documents are to be produced as black and white PDF images at 300 or greater dpi resolution (if available). All documents with affixed notes are to be imaged and produced first with all notes affixed and then re-imaged with all notes removed and produced with unique Bates numbers. Furthermore, all hard copy documents are to be produced with Optical Character Recognition ("OCR"). The documents shall be Bates stamped in sequential order.

In circumstances where a Party is asserting that data is not reasonably accessible, that Party shall provide to the other Party an explanation as to why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the Party

Case 6:15-cv-02557-SMH-CBW Document 31 Filed 02/25/16 Page 6 of 10 PageID #: 250

requesting the information still insists on its production, the Parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel or motion for protective order with the Court.

    d. Claims of Privilege

  The Parties will confer, in good faith, to agree upon the terms of a proposed Order governing the production of confidential information, which includes a process for the handling of any claims of privilege or of protection as trial-preparation material asserted after production. The Order will include as provision, consistent with F.R.C.P. 26 (b), regarding information inadvertently produced in discovery that is subject to a claim of privilege. Specifically, the Parties propose that in the event a party inadvertently discloses documents or information ("the Disclosing Party") that it believes to be protected by a privilege or as trial preparation material, the Disclosing Party shall immediately notify the Party to whom the disclosure was made ("the Receiving Party") of the disclosure. The notification shall be in writing and shall specify the documents or information for which the privilege or the trial preparation protection is claimed. Within five (5) days of receiving the notice, the Receiving Party will notify the Disclosing Party as to whether the Receiving Party will or will not honor the claimed privilege or protection. If the Receiving Party is willing to honor the claimed privilege or protection, it must promptly return or destroy the specific information and any copies in its possession and may not use or disclose the information until the claim is resolved. If the Receiving Party is not willing to honor the claimed privilege or protection, it shall be the Disclosing Parties' obligation to bring the matter to the Court for resolution as soon as is reasonably possible after receiving the response the Receiving Party. The documents or information subject to the claim of privilege or protection will be treated as privileged or protected by the Receiving Party until such time as the Court resolves the dispute.

    e. Common Fact Discovery

  In the interest of judicial and party economy, Plaintiffs propose that this Court order that common fact discovery produced by Flowers Foods, Inc. in <u>*Rehberg, et al, vs. Flowers Foods and Flowers Baking Co. of Jamestown, LLC*</u> (No. 3:12-cv-00596, W.D.N.C.) including documents produced by Flowers Foods' present and former executives and managers be treated as discovery produced in this case.

  Defendants oppose Plaintiffs' proposal as premature and oppose broadly incorporating undefined "common fact discovery" from *Rehberg* as many of the documents disclosed and deposition testimony there are not applicable to this case. Defendants agree, however, to consider the use of specific documents and deposition testimony that may be relevant to the claims and issues here and request that Plaintiffs provide a specific list of documents and testimony for consideration.

6

9. **Stipulations**:

Plaintiffs believe that the Parties can and will stipulate to many uncontested relevant facts in this action. The Plaintiffs believe that the Parties can and will stipulate to the authenticity of many of the documents that will presented as evidence in this action. Defendants will cooperate with Plaintiffs with respect to proposed stipulations.

10. **Major Issues of Fact and Law in Dispute**:

   (a) Whether a class or collective action is appropriate under the facts and circumstances of this case.
   (b) Whether Plaintiffs are "employees" under the applicable provisions of the Fair Labor Standards Act and Louisiana Law.
   (c) Whether the outside sale exemption is applicable under the facts and circumstances of this case.
   (d) Whether the Motor Carrier exemption is applicable under the facts and circumstances of this case.
   (e) Whether Plaintiffs' claims are barred by the statute of limitations, release and waiver or other defenses set forth in Defendants' answers.
   (f) What are the damages due the Plaintiffs under the Fair Labor Standards Act and Louisiana Law in the event of a finding any such damages are due?

11. **Related Case Information**:

At this time there are currently pending at least eleven (11) federal court class action lawsuits filed by distributors against Flowers Foods and related entities for violations of the Federal Labor Standards Act primarily in regards to the failure of Flowers Foods and related entities to pay overtime compensation. These cases are:

   Name of case:   Rehberg, et al vs. Flowers Foods, et al
   Court:   U.S. District Court for the Western District of North Carolina
   Docket Number:  3:12-cv-00596
   Presiding Judge: Honorable Max O. Cogburn, Jr.

   Name of case:   Rudolph Wordlaw vs. Flowers Foods, et al
   Court:   U.S. District Court for the Northern District of Georgia
   Docket Number:  3:15-cv-00187
   Presiding Judge:  Honorable Timothy C. Batten, Sr.

Name of case: Daniel Bowden, et al vs. Flowers Foods, et al
Court: U.S. District Court for the District of Massachusetts
Docket Number: 1:15-cv-13464
Presiding Judge: Honorable Rya W. Zobel

Name of case: Stewart, et al vs. Flowers Foods, et al
Court: U.S. District Court for the Western District of Tennessee
Docket Number: 1:15-cv-011162
Presiding Judge: Honorable J. Daniel Breen

Name of case: McCurley vs. Flowers Foods, et al
Court: U.S. District Court for the District of South Carolina
Docket Number: 5:16-cv-00194
Presiding Judge: Honorable J. Michelle Childs

Name of case: Neff vs. Flowers Foods, et al
Court: U.S. District Court for the District of Vermont
Docket Number: 5:15-cv-00254
Presiding Judge: Honorable Geoffrey W. Crawford

Name of case: Noll vs. Flowers Foods, et al
Court: U.S. District Court for the District of Maine
Docket Number: 1:15-cv-00493
Presiding Judge: Honorable John A. Woodcock, Jr.

Name of case: Carr, et al vs. Flowers Foods, et al
Court: U.S. District Court for the Eastern District of Pennsylvania
Docket Number: 2:15-cv-06391
Presiding Judge: Honorable Lawrence F. Stengel

Name of case: Morrow, et al vs. Flowers Foods, et al
Court: U.S. District Court of the Middle District of Alabama
Docket Number: 3:07-cv-00617
Presiding Judge: Honorable Myron H. Thompson

Name of case: Rosinbaum, et al vs. Flowers Foods, et al
Court: U.S. District Court for the Western District of North Carolina
Docket Number: 3:15-cv-00581
Presiding Judge: Honorable Max O. Cogburn, Jr.

Defendants maintain these cases are related only to the extent they assert misclassification claims. Defendants also assert that these cases involve individualized allegations, facts, legal claims and defenses.

12. **Rule 16 Conference**:

Plaintiffs believe a Rule 16 Conference would be beneficial.

13. **Alternative Dispute Resolution (ADR)**:

At this stage, the Parties do not believe that settlement may be enhanced by use of a mediated settlement conference.

14. **Consent Trials**:

The Parties do not consent to a trial by Magistrate Judge.

15. **Track Assignment**:

The Parties do not request any alteration to the current docket status of this matter.

16. **Electronic Courtroom**:

The Parties believe that this case will be considered document-intensive. It is anticipated that Plaintiffs will introduce over 1,000 exhibits at the trial of this matter. The Parties understand the requirement that all documents in this case be placed on CD-ROM.

17. **Electronically Generated Exhibits or Aids**:

The Parties anticipate using electronically-generated exhibits or demonstrative aids at the trial of this matter.

18. **Handicap Provisions**:

The Parties do not, at this time, believe that handicap accommodations will be necessary for any party, witness or trial participant.

*Attorney signature blocks on following page*

Respectfully submitted, this 25th day of February, 2016.

| | |
|---|---|
| */s/ Ryan Goudelocke* | */s/ Gregory Guidry* |
| Steven G. Durio (#05230) | Gregory Guidry, LA Bar No. 06489 |
| Ryan M. Goudelocke, T.A. (#30525) | Matthew M. McCluer, LA Bar No. 33970 |
| Daniel J. Phillips (#32921) | **OGLETREE, DEAKINS, NASH,** |
| **Durio, McGoffin, Stagg & Ackermann** | **SMOAK & STEWART, P.C.** |
| 220 Heymann Boulevard (70503) | 603 Silverstone Road, Suite 102A |
| Post Office Box 51308 | Lafayette, LA 70508 |
| Lafayette, LA 70505-1308 | Telephone: 337.769.6583 |
| Phone: (337) 233-0300 | 701 Poydras Street, Suite 3500 |
| Fax: (337) 233-0694 | New Orleans, LA 70139 |
| Email: durio@dmsfirm.com | Telephone: 504.648.3852 |
| ryan@dmsfirm.com | Facsimile: 504.648.3859 |
| dan@dmsfirm.com | Email: gregory.guidry@ogletreedeakins.com |
| | matthew.mccluer@ogletreedeakins.com |
| ***ATTORNEYS FOR PLAINTIFFS*** | ***ATTORNEYS FOR DEFENDANTS*** |