# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **ANTOINE RICHARD, ET AL** | **CIVIL ACTION NO. 6:15-CV-02557** |
| **VERSUS** | **JUDGE HICKS** |
| **FLOWERS BAKING CO. OF LAFAYETTE, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

# ORDER

Before the Court is Defendants' Motion for Approval of Proposed Pre-Certification Communications to Putative Class and Collective Action Members filed by defendants, Flowers Baking Co. of Baton Rouge, LLC, Flowers Baking Co. of New Orleans, LLC, and Flowers Baking Co. of Tyler, LLC ("Flowers"),[1] on April 4, 2016. [rec. doc. 50]. Plaintiffs, Antoine Richard, *et al*, filed a Response on April 25, 2016. [rec. doc. 56]. Flowers filed a Reply on May 12, 2016. [rec. doc. 63].

On October 21, 2016, plaintiffs filed an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Louisiana Payment of Employees law, LA. REV. STAT. § 23:631, *et seq.*, seeking damages for defendants' failure to pay overtime wages and for improper deductions. Plaintiffs allege that they entered into Distributor Agreements with the Flowers bakeries to serve as distributors for fresh baked goods. [rec. doc. 1, Complaint, ¶¶ 1, 17]. The Distributor Agreements define plaintiffs' relationships with the Flowers

---

[1] Defendant, Flowers Foods, Inc. joined in this motion, but is not a party to the Distributor Agreements and represents that it will not be engaged in any communications with the Distributors regarding the Notice or Proposed Amendment. [rec. doc. 50, p. 1, n. 1].

bakeries as independent contractors. [rec. doc. 1, Complaint, ¶¶ 12. 17]. Plaintiffs allege that they were misclassified as independent contractors under federal law. [rec. doc. 1, Complaint, ¶¶ 1, 17, 52].

In the Complaint, plaintiffs seek to assert their claims on behalf of:

> [A]ll individuals who, through a contract with Defendants or otherwise, distribute or distributed for Defendants under agreements with Flowers Baking Company of Lafayette, L.L.C.; or Flowers Baking Company of Baton Rouge, L.L.C.; or Flowers Baking Company of Alexandria, L.L.C.; or Flowers Baking Company of New Orleans, L.L.C., and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") anywhere at any time in the United States from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

[rec. doc. 1, Complaint, ¶ 17].

Under the Case Management Order, plaintiffs' conditional certification motion is due by August 1, 2016. [rec. doc. 52].

On April 4, 2016, Flowers filed the instant motion [rec. doc. 50], seeking permission to contact putative class members and request that they sign an Amendment to Distributor Agreement and Arbitration Agreement (the "Amendment"). Flowers asserts that prior to the commencement of this action, they had planned to offer the proposed Amendment to their independent contractor distributors on a voluntary basis. The Amendment offers Distributors incentives, including lowering the transfer fees to be paid in the event the distributor sells its business, and the removal or revision of various other existing contractual covenants. [rec. doc. 50, Exhibit A, Amendment at ¶¶ 1-4]. Additionally, the Amendment, if accepted, would

2

require the parties to arbitrate any disputes between them on an individual basis, and would prohibit participation in any class, collective or representative proceedings. [rec. doc. 50, Exhibit A, Amendment at ¶ 12 and Exhibit 2]. Further, after executing the Amendment, a distributor may revoke it by giving written notice within seven days of execution. [rec. doc. 50, Exh. A., at ¶ 16].

Plaintiffs do not oppose defendants' right to communicate with the putative class members. However, plaintiffs request that defendants include with their proposed communication, in the same package and at the same time, an informational notice concerning the class action lawsuit and the rights of putative members to opt-in and participate in this lawsuit. Plaintiffs argue that this Order should be issued because: (1) the Amendment does not inform the absent putative class members of the ongoing litigation and how signing the Amendment would adversely affect them; (2) the Amendment requires mandatory and binding arbitration and contains a class action waiver, which would eliminate the ability of any putative class members to opt-in as a class member to this litigation; (3) if a putative class member signs the Amendment, he will have effectively opted out of this litigation without having received any information about his ability to opt-in and participate in this litigation, and (4) defendants' contact and communication with absent putative class members undermines the very purpose of Rule 23. [rec. doc. 56, pp. 1-2].

It is beyond dispute that this Court not only has the authority, but also the duty, to oversee class action litigation, and to enter appropriate orders governing the conduct of

counsel and the parties. *Green v. Plantation of Louisiana, LLC*, 2012 WL 4829328, at *3 (W.D. La. Sept. 17), *report and recommendation adopted*, 2012 WL 4829319 (W.D. La. Oct. 10, 2012) (*citing In Re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 n. 8 (5th Cir. 1977) ("In class actions we recognize, indeed insist upon, the court's participation as the manager of the case.")); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). This is so because of the potential for abuse in the class action context. *Gulf Oil*, 452 U.S. at 100.

However, this Court's authority is not unlimited; the Court is constrained by Rule 23, and by the Constitution. *Green* at * 3 (*citing Gulf Oil*, 452 U.S. at 99-100)). In the context of a class action, observing the "serious restraints on expression" accompanying an order broadly restraining communication with putative class members prior to class certification, the United States Supreme Court in *Gulf Oil Co.* suggested that each side has the right to communicate with putative class members. *Id.* (*citing Gulf Oil*, 452 U.S. at 101-104). However, because of the potential for abuse in class-action litigation, the Court found that restrictions limiting communications between parties and potential class members may be imposed upon a "clear record" showing "of the particular abuses by which [the moving party] is threatened." *Id*. at 101-102. The "mere possibility of abuses does not justify the routine adoption of a communications ban." *Id*. at 104.

Relying on *Gulf Oil*, in the context of a collective action under the FLSA, the Southern District of Georgia refused to strike declarations from putative collective action members

4

obtained prior to conditional certification. *Kerce v. West Telemarketing Corporation*, 575 F.Supp.2d 1354 (S.D. Ga. 2008). The Georgia federal court held that "prior to a decision on the conditional certification question, each side has the right to communicate with potential class members." *Kerce,* 575 F.Supp.2d at 1366 (citing Gulf Oil, 452 U.S. at 100-01). In further reliance on *Gulf Oil*, the court held that before restricting an employer's free speech rights, and its right to defend itself in collective action litigation, the plaintiff must offer a "clear record evidence of abusive communications." *Gulf Oil*, 452 U.S. at 104.

In this case, plaintiffs have submitted no evidence, much less any clear record evidence, of any abusive communications. *Gulf Oil*, 452 U.S. at 101. Although plaintiffs assert that "defendants' contact and communication with absent putative class members undermines the very purpose of Rule 23," they have shown no support for this argument. "[T]he mere possibility of abuses does not justify the routine adoption of a communications ban . . . [and o]ther less burdensome remedies may be appropriate." *Id*. at 104. There is no evidence that defendants misrepresented facts about the lawsuit, discouraged participation in the suit, or undermined the class' confidence in, or cooperation with, class counsel. *Kerce*, 575 F.Supp.2d at 1367 (*citing Cox Nuclear Med. v. Gold Cup Coffee*, 214 F.R.D. 696, 698 (S.D. Ala. 2003)).

While plaintiffs do not oppose defendants' right to communicate with putative class members, plaintiffs request that defendants include in the Amendment an informational notice concerning the class action lawsuit and putative members' ability to opt-in and participate in

this lawsuit. [rec. doc. 56, p. 7]. Plaintiffs argue that this Order should be issued because the Amendment: (1) fails to inform putative class members about the filing of the class action on their behalf; (2) fails to inform putative class members that the class action complaint seeks damages for unpaid wages and overtime; (3) fails to inform putative class members that the class action complaint identifies Flowers Foods and the Flowers entities operating in Louisiana, and (4) fails to inform putative class members that by signing the Amendment, they would be waiving their right to participate in this lawsuit. [rec. doc. 56, p. 4].

However, the Notice at issue clearly states, in capitalized, bolded and underlined lettering, as follows:

> ***THERE ARE NOW, AND MAY BE IN THE FUTURE, LAWSUITS AGAINST THE COMPANY AND/OR ITS AFFILIATES ALLEGING CLASS, COLLECTIVE, AND/OR REPRESENTATIVE CLAIMS ON YOUR BEHALF INCLUDING BUT NOT LIMITED TO CLAIMS FOR EMPLOYMENT STATUS AND OVERTIME.  SUCH CLAIMS, IF SUCCESSFUL, COULD RESULT IN SOME MONETARY RECOVERY TO YOU.* (THESE CASES NOW INCLUDE . . . *RICHARD V. FLOWERS FOODS, INC., ET AL.*, CASE NO. 6:15-cv-02557-SMH-CBW, WHICH IS PENDING IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA.).**[2]

[rec. doc. 50, Exhibit B, pp. 2-3].

The Notice further contains a description of the claims and defenses raised in this lawsuit:

> **In *Richard*, a group of distributors in Louisiana, has sued the**

---

[2]In Defendants' Reply Regarding Proposed Communications, defendants indicate that they are willing to revise the notice to specifically list each named defendant. [rec. doc. 63, p. 6 n. 5].

> **Company and its affiliates on behalf of other distributors in Louisiana, alleging violations of the Fair Labor Standards Act and the Louisiana Wage Payment Act, La. Rev. Stat. 23:631, *et seq*. There, the plaintiffs contend that distributors have been improperly classified as independent contractors and are entitled to minimum wage and overtime compensation under federal law, and that certain amounts have been deducted from distributors' compensation in violation of Louisiana law. The Company denies these allegations.**
>
> **The mere existence of such class, collective, and/or representative lawsuits, however, does not mean that such lawsuits will ultimately succeed. <u>But if you agree to arbitration with the Company, you are agreeing in advance that you will not participate in and, therefore, will not seek to recover monetary or other relief under any such class, collective, and/or representative lawsuit.</u>**

[rec. doc. 50, Exhibit B, p. 3].

The undersigned observes that this Notice includes the requested relief by plaintiffs; that is, that "defendants include with their proposed communication, in the same package and at the same time, an informational notice concerning the class action lawsuit." However, it does not include the remainder of the requested relief, namely, "the rights of putative members to opt-in and participate in this lawsuit."

Thus, the Court approves the following language to be added to the above-stated Notice provision:

> **YOUR RIGHT TO PARTICIPATE IN THIS SUIT**: "You may join, or "opt in," to this lawsuit.

Defendants shall also revise the Notice provision to specifically list each named defendant.

Accordingly, **IT IS ORDERED** that Motion for Approval of Proposed Pre-

Certification Communications to Putative Class and Collective Action Members filed by defendants [rec. doc. 50] is **GRANTED**, and the proposed Amendment [rec. doc. 50, Exhibit [B]], is approved as to form with the addition of the language provided in the foregoing.

    **THUS DONE AND SIGNED** at Lafayette, Louisiana, this 24th day of May, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**