UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ANTOINE RICHARD, DARRELL
RICHARD, CHRIS MECHE, DERBY
DOUCET, SR., KEVIN RABEAUX and
MARK LOUVIERE, individually and on
Behalf of all similarly situated individuals,

     **Plaintiffs,**                          CIVIL ACTION NO. 6:15-cv-2557

**VERSUS**                               DISTRICT JUDGE HICKS

FLOWERS FOODS, INC.; FLOWERS        MAGISTRATE JUDGE WHITEHURST
BAKING COMPANY OF LAFAYETTE,
LLC; FLOWERS BAKING COMPANY
OF BATON ROUGE, LLC; FLOWERS
BAKING COMPANY OF NEW ORLEANS,
LLC; and FLOWERS BAKING COMPANY
OF TYLER, LLC

     **Defendants.**

---

**MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION, AND**
**IN OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION**

**Now into Court**, through undersigned counsel, come plaintiffs Antoine Richard, Darrell

Richard, Chris Meche, Derby Doucet, Sr., Kevin Rabeaux, and Mark Louviere, individually and

on behalf of all similarly situated individuals (the "FLSA Group"), who, pursuant to Federal

Rule of Civil Procedure 15(d) respectfully move this Court for leave to file a Supplemental

Memorandum in opposition to the Motion for Decertification (Rec. Doc. 310) filed by Flowers

Baking Company of Tyler, LLC, Flowers Baking Company of Baton Rouge, LLC, Flowers

Baking Company of New Orleans, LLC,  and Flowers Foods, Inc.  (collectively "Flowers").

Concurrently, plaintiffs Jerry Bell, Chris Meche, Michael Aymond, Mack Gordon, Fred

Oliveaux, and Kevin Rabeaux, individually and on behalf of all similarly situated individuals

#382960

(the "Rule 23 Class") similarly move for leave to file a Supplemental Memorandum in  support of their Motion for Rule 23 Class Certification (Rec. Doc. 299).

### 1.

Pending before the Court are the parties' motions 1) to certify a class under Rule 23 concerning certain state-law claims forwarded by the Rule 23 Class; and 2) to decertify the FLSA Group.

### 2.

Central to both pending motions is the common misclassification of all of Flowers' distribution drivers as independent contractors rather than employees. As the Rule 23 Class has noted, "[l]iability will be driven by a common question: were the class members misclassified? The same practice - the classification of workers as independent contractors – touches all members of the class. The commonality requirement[1] is satisfied" (Rec. Doc. 322, p. 7).[2] And as earlier discussed by the Rule 23 class, their state-law claims of misclassification hinge on state-law worker classification. Under Louisiana law, the "essence of the employer-employee relationship is the *right to control*."[3]

### 3.

Likewise, Defendants in order to demonstrate the necessity of decertification must show the FLSA Group is composed of individuals not "similarly situated."[4] "[S]ection 216(b)'s 'similarly situated' requirement is less stringent than… Rule 23(b)(3)'s requirement that common questions predominate for a 23(b)(3) class to be certified," and "it is clear that plaintiffs are

---

[1] "Rule 23(a)(2) imposes a requirement for class certification that there are questions of law or fact common to the class…. For purposes of Rule 23(a)(2) even a single common question will do." *Steward v. Janek*, 315 F.R.D. 472, 480 (W.D.Tex., 2016), quoting *Wal-Mart Stores, Inc. v. Dukes et al*, 564 U.S. 338, 349 & 359 (2011).
[2] *Venegas v. Global Aircraft Service, Inc.*, 159 F.Supp.3d 93, 98-99 (D.Maine, 2016).
[3] *Chiasson v. Louisiana Rock Monsters, LLC*, 2013-1423 (La.App. 4th Cir. 4/2/14), 140 So.3d 55, 58, quoting *Hillman v. Comm-Care, Inc.*, 01-1140 (La. 01/15/02), 805 So.2d 1157, 1162 (emphasis added).
[4] 29 U.S.C. 216(b); *see Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J., 1987); *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (C.A.5, 1995), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

#382960

'similarly situated' when they suffer from a single, FLSA-violating policy…"[5] The Fifth Circuit's "economic realities" test for finding an employer-employee relationship – and where one is found, misclassification supplies the "single policy" that similarly situates the plaintiffs – includes, *inter alia*, consideration of 1) power to hire and fire the employees, and (2) supervision and control of employee work schedules or conditions of employment.[6]

4.

Events relevant to the Court's determinations both on Plaintiffs' and Defendants' motions have transpired subsequent to the parties' memoranda in support. "On just terms," the Court is empowered to permit pleadings setting forth subsequent relevant occurrences.

5.

In the approximately three weeks preceding this Motion's filing, all Defendants – including Flowers Foods, Inc., which ostensibly has no relationship with the members of the FLSA Group or the Rule 23 Class – have engaged in activity which speaks both to Flowers' right to control the activities of its drivers, as well as to Flowers' power to hire and fire them and to dictate (in great detail) the conditions of their employment.

6.

Specifically, Flowers' bakeries (on at least a statewide scale, and apparently even further) very recently produced and shipped to Flowers' warehouses tainted products, which were duly delivered to Flowers' customers by its drivers. When Flowers' customers complained – to Flowers – the latter instructed its drivers to retrieve those products and return them to Flowers. These dictates of all defendants to members of the FLSA Group and Rule 23 Class were unilateral and brooked no possibility of disobedience.

---

[5] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (C.A.6, 2009), *abrogated on other grounds* by *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016); *see also Frye v. Baptist Memorial Hospital, Inc.*, 495 Fed.Appx. 559 (C.A.6, 2012).
[6] *Gray v. Powers*, 673 F.3d 352, 355 (C.A.5, 2012).

#382960

7.

Discovery in this matter has long since disclosed the uniform disregard in which Flowers holds its drivers' "independence" and ability to "run their own businesses." Recent events further demonstrate how thin a fiction Flowers sets forth in this case of its drivers' right to control the manner of their own work. Even under normal circumstances, as many of Flowers' own personnel have already testified, Flowers maintains an iron grip on its right to control its distributors; when Flowers is faced with a crisis situation of its own making, it displays no hesitation in dictating the conditions and requirements of their employment, irrespective of their fictional "independent" status. These events are simply part of a larger, and very poorly veiled, pattern.

8.

Undersigned counsel has attempted to contact opposing counsel for consent or opposition to the filing of this Supplemental Memorandum, however we were unable to speak with opposing counsel. As a result, we are unable to relate to the court whether opposing counsel consents or opposes the filing of this Supplemental Memorandum.

**Wherefore**, Plaintiffs Antoine Richard, Darrell Richard, Chris Meche, Derby Doucet, Sr., Kevin Rabeaux and Mark Louviere, individually and on behalf of all similarly situated individuals (the "FLSA Group"), pursuant to Federal Rule of Civil Procedure 15(d) respectfully move they be granted leave to file a Supplemental Memorandum in opposition to the Motion for Decertification (Rec. Doc. 310) filed by Flowers Baking Company of Tyler, LLC, Flowers Baking Company of Baton Rouge, LLC, Flowers Baking Company of New Orleans, LLC,  and Flowers Foods, Inc.  (collectively "Flowers"); and Plaintiffs Jerry Bell, Chris Meche, Michael Aymond, Mack Gordon, Fred Oliveaux, and Kevin Rabeaux, individually and on behalf of all

4

similarly situated individuals (the "Rule 23 Class") similarly move the Court grant leave to file a Supplemental Memorandum in support of their Motion for Rule 23 Class Certification (Rec. Doc. 299).

Respectfully submitted,


_____/s/ Steven G. Durio_____
Steven G. Durio [#05230]
Ryan M. Goudelocke, T.A. [#30525]
Travis J. Broussard [#33036]
**_Durio, McGoffin, Stagg & Ackermann_**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308
Phone: (337) 233-0300
Fax: (337) 233-0694
**ATTORNEYS FOR THE PLAINTIFFS AND THE CLASS**


_____/s/ Thomas M. Hayes, IV_____
Thomas M. Hayes, IV [#28600]
**Hayes, Harkey, Smith & Cascio, L.L.P.**
2811 Kilpatrick Blvd. (71201)
Post Office Box 8032
Monroe, LA 71211-8032
Phone: (318) 387-2422
Fax: (318) 388-5809
**ATTORNEY FOR THE PLAINTIFFS AND THE CLASS**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to File Supplemental Memorandum has been filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 22nd day of June 2018.

#382960

/s/ Steven G. Durio
STEVEN G. DURIO

#382960