UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX, and MARK LOUVIERE, individually and on behalf of all similarly situated individuals, | |
| Plaintiffs, | CIVIL ACTION NO. 15-cv-2557 |
| VERSUS | DISTRICT JUDGE S. MAURICE HICKS |
| FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC; and FLOWERS BAKING COMPANY OF TYLER, LLC, | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION AND IN OPPOSITION TO DEFENDANTS' MOTION FOR DECERTIFICATION [Rec. Doc. 331]**

NOW INTO COURT, through the undersigned Counsel, come Defendants, Flowers Baking Company of Tyler, LLC, Flowers Baking Co. of New Orleans, LLC, Flowers Baking Co. of Baton Rouge, LLC, Flowers Baking Co. of Lafayette, LLC, and Flowers Foods, Inc., and who file this Opposition to Plaintiffs' Motion for Leave to File Supplemental Memorandum in Support of Plaintiffs' Motion for Certification and In Opposition to Defendants' Motion for Decertification ("Plaintiffs' Motion") [Rec. Doc. 331]. As discussed in the Memorandum attached hereto, Plaintiffs' Motion should be denied because it was filed more than four months after class certification and decertification briefing closed, the Court already has extensive briefing and evidence from both sides before it to rule on both motions. Plaintiffs' Motion, at

best, offers cumulative, limited "evidence" on just one of the many factors the Court must consider. Without good cause to allow such supplementation outside of the deadlines set by the Court's Scheduling Orders in this case, which Plaintiffs have not and cannot provide, Plaintiffs' Motion should be denied.

More specifically, pursuant to the Scheduling Orders entered in this case, briefing for class certification and decertification ended in February, 2018. Both Plaintiffs and Defendants have filed extensive briefing in connection with both motions, well exceeding the page limit permitted by the local rules. Currently, the Court has over 4,200 pages of briefing and exhibits before it to assess the propriety of class certification or decertification.

Yet, well over four months after briefing has fully closed, Plaintiffs seek to "supplement" this extensive briefing with more legal briefing on the same points, a rehash of some of the same evidence, and new "evidence" of a one-time incident involving product, which was quickly resolved and also impacted others in the industry. Plaintiffs contend the Court should consider this isolated incident because, they claim, it shows control that creates an employee-employer relationship. But "control" is just one factor of several that must be considered when making this determination. The Court already has before it extensive briefing and evidence from both parties on this prong and the other prongs in the multi-factor tests used under Louisiana law and the Fair Labor Standards Act ("FLSA") to determine independent contractor status. Any additional "evidence" regarding alleged control is cumulative, at best, and wholly unnecessary. In short, no good cause exists to allow supplementation here.

For these reasons, and as discussed below, Plaintiffs' Motion should be denied.

I.     **PROCEDURAL BACKGROUND**

Plaintiffs filed their Motion for Class Certification in this case on December 27, 2017, submitting approximately 50 pages of briefing and 54 exhibits, totalling 517 pages. [Rec. Doc. 299]. Therein and in their subsequent Reply, Plaintiffs argued that the Court must not consider the merits and that a "trial on the merits" at this stage is "strikingly inappropriate." [Rec. Doc. 299, p. 22; Rec. Doc. 322, p. 6]. Defendants filed their Response to this Motion on February 7, 2018, 2018, submitting 43 pages of briefing and 11 exhibits, totalling 959 pages. (Rec. Doc. 317).[1] Per the Court's Scheduling Order [Rec. Doc. 271], as modified by the court's Order granting the Parties' Joint Motion for Extention of Reply Deadlines [Rec. Doc. 320], Plaintiffs' deadline to file their Reply to Rule 23 Class Certification Motion was February 16, 2018. Plaintiffs filed this Reply on February 16, 2018. [Rec. Doc. 322].

Additionally, the Court's Scheduling Order [Rec. Doc. 271] set a deadline of February 5, 2018 for Plaintiffs to file their Opposition to Defendants' Motion for Decertication of the Collective Action ("Decertification Motion"). Briefing on the Decertification Motion, in full, closed on February 16, 2018.[2] [Rec. Doc. 320]. Between the parties, the Court had over 90 pages of briefing and over 2600 pages of exhibits before it regarding the Decertification Motion.

Despite this extensive briefing, on June 22, 2018, Plaintiffs filed their Motion for Leave, under the auspices of a request to "supplement." Therein, Plaintiffs again spend several pages arguing the merits of their class certification motion citing some of the same evidence and arguments they relied upon in their initial briefing[3] and discuss a one-time product incident, also

---

[1] Both parties agreed not to challenge a motion for leave to file excess pages.
[2] Plaintiff's Motion for Leave to File Excess Pages was granted on February 7, 2018 [Rec. Doc. 316], and Plaintiffs' Opposition to Motion for Decertification was filed on February 7, 2018 [Rec. Doc. 319]
[3] For example, Plaintiffs cite the deposition of Ray Kirkland and the deposition of Mack Gordon to again argue that Flowers retains the right to control distributors—arguments they *already made* in their initial, extensive briefing. [Rec. Doc. 331-2, pp. 4-5, fns. 8 and 9].]

impacting others in the industry, which they claim supports that they are employees and not independent contractors.

### II. LEGAL ARGUMENT

#### A. Plaintiffs' Motion Should Be Denied Because Rule 15(d) Does Not Apply.

As a preliminary matter, Plaintiffs' Motion must be denied because they filed it under a rule that does not govern their request. More specifically, Plaintiffs made their motion for leave under Fed.R.Civ.P 15(d); yet, such rule does not apply here. Under Rule 15(d), a <u>pleading</u> may be supplemented to set out any transaction, occurrence, or event that happened after the date of the <u>pleading</u> to be supplemented. (*emphasis added*). Neither a reply memorandum nor an opposition memorandum are among the recognized pleadings under the Rules. Fed.R.Civ.P. 7(a); *See Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990) ('A post-trial brief is not a 'pleading.'"); *See also In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 429 (Bankr. S.D. Tex. 2009)(relying on *Dartez, supra*, to hold that a supplemental brief is not a pleading under Rule 7(a)). Accordingly, Defendants pray that Plaintiffs' motion for leave in this case be denied.

#### B. Plaintiffs' Motion Should Be Denied Because Plaintiffs Cannot Show "Good Cause" For Their Request to Supplement.

Even if Plaintiffs Motion is proper under Rule 15, which Defendants deny, it should nonetheless be denied. Briefing on class certification and decertification closed well over four months ago, and Plaintiffs have failed to demonstrate good cause for their supplemnetation.

Ordinarily, leave to amend and supplement a pleading is freely given, unless there are substantial reasons, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposition. In such case, the court has broad discreton to deny such motion for leave. *HDRE Business Partners Ltd Group, LLC v. RARE Hospitality International, Inc.* 2012 WL 13054704

(W.D. La. 2012)(citing *Martin's Herend Imports v. Diamond & Gem Trading,* 195 F.3d 7765 (5th Cir. 1999))

However, this liberal standard for granting of a motion for leave to amend or supplement does not apply where, as here, a scheduling order has been issued. In such event, Rule 16(b) governs once the deadline has passed, and the movant must demonstrate "good cause" for modifying the scheduling order. *Id.* (citing *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)). In determining whether this "good cause" standard has been satisfied, courts consider: (1) the movant's explanation for his failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Application of these factors clearly supports denial of Plaintiffs' Motion. While Defendants acknoweldge that Plaintiffs moved to supplement their briefing shortly after the isolated incident they cite, this is inapposite. The remaining three factors clearly support denial of Plaintiffs' Motion.[4] First, the new "facts" in the proposed supplementation are neither important nor material to the utlimate issue the Court is tasked with determining in Plaintiffs' Motion for Class Certification and Defendants' Motion for Decertification—namely, whether Plaintiffs' claims can be tried on a collective or class-wide basis with common or representative proof that can fairly adjudicate all of their claims in one swoop. Even if the new "evidence" Plaintiffs submit shows limited "control," which Defendants deny, it is just one example. The

---

[4] As discussed above, however, Plaintiffs do not rely solely on "new evidence" in their Motion to Supplement. *See* Fn. 3 *supra*. Rather, they make the same arguments and offer some of the same evidence presented in January and February. The Court should not permit Plaintiffs to file even more pages of legal argument under the guise of "supplementation."

Court already has extensive briefing on this point with extensive citation to record evidence from both parties. In their Motion to Supplement, Plaintiffs again make some of these same arguments and cite some of the same evidence. Nothing further is needed.

Moreover, even if Flowers[5] did, on one occasion, ask distributors to pick up certain product as a result of this isolated incident, this alone does not create a uniform "unlawful policy" sufficient to warrant class certification or collective action treatment, nor is this alone sufficient to establish commonality. For one, this was an isolated incident that was quickly resolved and impacted others in the industry as well. And, as Plaintiffs themselves repeatedly emphasize in their class certification briefing, the Court is not tasked with making a "merits determination" at this stage. Rather, the Court is tasked with determining whether all class members' claims depend on a common contention that yields *common answers*, among satisfying the other Rule 23 requirements, and whether their claims that can be established with "representative proof" to render a one-size-fits-all liability determination. [Rec. Doc. 317, p. 20].

Here, both Lousiana law and the FLSA use a multi-factor test to determine independent contractor status. While alleged control exercised is one factor, other factors must also be considered. [Rec. Doc. 317, pp. 20-21]. In other words, alleged evidence of "control" alone is insufficient to establish that Plaintiffs were employees on a class-wide basis. Certainly, one example of an isolated incident is neither important or sufficient to establish the requisite "good cause" to set aside the briefing deadlines and allow supplementation.

Of course, in the close to five months since briefing has closed, Defendants could likewise point to several new factual examples to support their arguments that class certification is not appropriate and decertification is appropriate. However, briefing must close at some point,

---

[5] This term is being used in the interests of brevity to refer to the applicable subsidiary with which Plaintiffs contracted: Flowers Baking Co. of New Orleans, LLC; Flowers Baking Co. of Baton Rouge, LLC; and Flowers Baking Co. of Tyler, LLC.

which is why the Court implemented briefing deadlines in the Scheduling Orders. Allowing continuous supplementation of briefs with "new facts," particularly ones that are merely cumulative, along with pages of additional briefing on the same legal points after these deadlines have passed is inconsistent with principles of judicial efficiency and would render briefing deadlines in Scheduling Orders meaningless.[6] Moreover, allowing Plaintiffs to supplement in this fashion, without providing Defendants with an opportunity to appropriately challenge such evidence, present contradictory evidence, or submit additional briefing to address the same—a process that would unnecessarily elongate these proceedings even more— would unduly prejudice Defendants. And, a continuance would serve no further purpose other than unncessary delay, particularly because this case has already been pending for almost three years, since October 21, 2015.

### III. CONCLUSION

In sum, the extensive briefs and evidence already submitted to this Court are more than sufficient to allow the Court to make a determination on whether class certification or decertification is appropriate. No good cause exists to modify the deadlines in the prior Scheduling Orders and allow supplementation here. The Court should deny Plaintifs' Motion accordingly.

---

[6] Certainly, if a new binding legal decision was rendered that impacted the legal arguments in this case, supplementation may be warranted. However, no such circumstances exist here.

Respectfully submitted

/s/  *Andrew J. Halverson*
Gregory Guidry, La. Bar No. 06489
**Ogletree, Deakins, Nash, Smoak**
  **& Stewart, P.C.**
603 Silverstone Road, Suite 102A
Lafayette, LA 70508
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 337.769.6583 / 504.648.3840
Facsimile: 504.648.3859
Email:  gregory.guidry@ogletreedeakins.com

AND

* Margaret Santen Hanrahan, GA Bar No. 578314
* Michael Ray, IL Bar No. 6285109
*Benjamin R. Holland, NC Bar No. 28580
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704.342.2588
Facsimile:  704.342.4379
Email:  maggie.hanrahan@ogletree.com
michael.ray@ogletree.com
ben.holland@ogletree.com

* Admitted Pro Hac Vice

***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed via the Court's Electronic Case Filing System, which provides for service on all counsel of record.

This 13th day of July, 2018.

                                            */s/ Andrew J. Halverson*
                                            ANDREW J. HALVERSON

34783152.2