UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ANTOINE RICHARD, DARRELL
RICHARD, CHRIS MECHE, DERBY
DOUCET, SR., KEVIN RABEAUX and
MARK LOUVIERE, individually and on
behalf of all similarly situated individuals,

        Plaintiffs,

VERSUS

FLOWERS FOODS, INC.; FLOWERS
BAKING COMPANY OF LAFAYETTE,
LLC; FLOWERS BAKING COMPANY
OF BATON ROUGE, LLC; FLOWERS
BAKING COMPANY OF
ALEXANDRIA, LLC; FLOWERS
BAKING COMPANY OF NEW
ORLEANS, LLC; and FLOWERS
BAKING COMPANY OF TYLER, LLC

        Defendants.

CIVIL ACTION NO. 15-cv-2557

DISTRICT JUDGE S. MAURICE
HICKS, JR.

MAGISTRATE JUDGE CAROL B.
WHITEHURST

## PLAINTIFFS' RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

i

#389105

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

MEMORANDUM ............................................................................................1

I.  Magistrate Judge Whitehurst's Recommendation on Plaintiffs' Motion for Class Certification Under Rule 23 should be Adopted..........................................2

  a.  F.R.C.P. 23(a) Prerequisites...............................................................2

  *Flowers waived objection to ascertainability, numerosity, and typicality*............3

  *Defendants' "undue reliance" criticism regarding  commonality is misplaced: Flowers ignores factual findings and legal conclusions.*......................................3

  *Flowers' adequacy argument fails to show clear error.  Flowers ignores detailed factual findings and legal conclusions.*..................................................5

  b.  Rule 23(b)(2) and (b)(3) .......................................................................6

  *Rule 23(b)(2) certification is addressed simply because it is simply found* ..........6

  *Judge Whitehurst's extensive consideration of Rule 23(b)(3)'s predominance requirement compels her conclusions in light of her findings of fact*.................8

  *Defendants waived objection to Judge Whitehurst's R&R on Rule 23(b)(3)'s superiority requirement*..............................................................................10

II.  Magistrate Judge Whitehurst's Recommendation on Defendants' Motion for Decertification of the FLSA Collective Should be Adopted .......................................10

  a.  The Magistrate Conducted a Legally Sound and Factually Supported Analysis on the "Similarly Situated" standard..........................................................................10

  b.  The Magistrate Correctly Found the Evidence is Sufficiently "Representative" ..13

CONCLUSION ..................................................................................................16

CERTIFICATE OF SERVICE .........................................................................17

#389105

## TABLE OF AUTHORITIES

CASE LAW:                                                                                               PAGE

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (C.A.5, 1998) ......................................6, 7

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013)..............2

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ................................................7

*Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015) ................................11

*Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (C.A.5, 2001)...............................2

*Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975-76 (C.A.5, 2000) ............................6, 7

*Casa Orlando Apartments, Ltd. v. Federal Nat. Mortg. Ass'n*, 624 F.3d 185, 198 (C.A.5, 2010) ...............................................................................................................................6

*Castano v. Am. Tobacco Co.*,  84 F.3d 734, 740 (C.A.5, 1996) ..........................................2

*Chiasson v. Louisiana Rock Monsters, LLC*, 2013-1423 (La.App. 4th Cir. 4/2/14) ...........8

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (C.A.5, 1996)..................3

*Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 541 (S.D. Tex. 2008) ..........................16

*Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013)...............................11

*General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, FN13 (1982) .....4

*Gusky v. Astrue*, 954 F.Supp.2d 180 (W.D.N.Y., 2013).....................................................1

*Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S.Ct. 2398 (2014) .................................9

*In re BP p.l.c. Securities Litigation*, 2013 WL 6388408 (S.D.Tex., 2013) ........................5

*In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (C.A.1, 2015)................................................9

*In re Rodriguez*, 695 F.3d 360, 365 (C.A.5, 2012) .............................................................3

*In re Wilborn*, 609 F.3d 748, 755 (C.A.5, 2010) ................................................................8

*Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014) ........................................7

#389105

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) ............................11, 12

*Nowlin v. Greene*, 467 F.Supp.2d 375 (S.D.N.Y., 2006) ........................................................1

*O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (C.A.5, 2003) ..............8

*Perocier-Morales v. U.S.*, 887 F.Supp.2d 399, 405 (D.Puerto Rico, 2012) .......................3

*Rehberg v. Flowers Baking Company of Jamestown, LLC*, 2015 WL 1346125 (W.D.N.C. Mar. 23, 2015)........................................................................................................11, 15, 16

*Rroku v. Cole*, 726 Fed.Appx. 201, 203 (C.A.5, 2018) .......................................................3

*Steward v. Janek*, 315 F.R.D. 472, 481 (W.D.Tex., 2016) ...............................................2, 9

*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1107 (10th Cir., 2001) .................15

*Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D.La., 2006)......................................5

*Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (C.A.5, 2012)....2

*Venegas v. Global Aircraft Service, Inc.*, 159 F.Supp.3d 93, 100 (D.Maine, 2016) ..........9

*Wal-Mart Stores v. Dukes*, 564 U.S. 338 (2011) ....................................................3, 4, 6, 9

**STATUTES:**

28 U.S.C. 636(b)(1)...............................................................................................................1, 3

F.R.C.P. 72(b)(3) .......................................................................................................................3

LSA-R.S. 23:635........................................................................................................................4

Rule 23(a).................................................................................................................................6

Rule 23(b)(2)..........................................................................................................................6, 7

Rule 23(b)(3)....................................................................................................................6, 8, 10

#389105

MAY IT PLEASE THE COURT:

Plaintiffs respectfully submit this Response in conformance with F.R.C.P. 72(b)(2) to Defendants, Flowers Foods, Inc., et al (together, "Flowers"), (Rec. Docs. 342 and 342-1) objection to that Report & Recommendations (Rec. Doc. 339, the "R&R") issued by Magistrate Judge Carol Whitehurst on August 13, 2018.[1]

In many instances Flowers' objections to Judge Whitehurst's Report and Recommendation "simply reiterate previous arguments or make only conclusory statements". *Nowlin v. Greene*, 467 F.Supp.2d 375 (S.D.N.Y., 2006); *Gusky v. Astrue*, 954 F.Supp.2d 180 (W.D.N.Y., 2013). See 28 U.S.C. 636(b)(1). Therefore, her findings subject to these objections are reviewable *only* for "clear error." Mere reiteration of arguments already raised in brief do *not* merit de novo examination. *Id.* Plaintiffs respectfully request the Court carefully note the distinct similarities between many of Flowers' arguments in memoranda and those "newly raised" objections.

Flowers falsely claims that "*no analysis was conducted*" (Rec. Doc. 342-1, p. 1). Flowers goes beyond the pale when it claims the Magistrate Judge's *fact-specific* analysis "confirms that these … inquiries were simply not made." (Rec. Doc. 342-1, p. 2).[2] There is of course no requirement that the Magistrate Judge's findings of fact specifically rebut isolated pieces of evidence one party claims mandate other findings. What *is* required is a thorough analysis of the factual records developed by the parties; enunciation of the findings of fact that record supports and properly supported legal conclusions those facts require. Her report refers at length to very

---

[1] Defendants have declined to comply with F.R.C.P. 72(b)(2)'s rule that "the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." No discussion of the necessary record has occurred, and Defendants have not requested that Judge Whitehurst designate sufficient portions of it.

[2] Defendants' position that Judge Whitehurst somehow failed to properly analyze or make the "necessary inquiries" is untenable. Flowers' objections are plainly wrong, in some cases inexcusably so, and Flowers' criticism of Judge Whitehurst should be rejected entirely.

#389105

specific details of this case:  these plaintiffs, these defendants, and the factual relationships

between them.  As to each of these requirements, Judge Whitehurst's R&R delivers.

The Magistrate Judge's R&R correctly found that "[a]ll distributors sign a Distributor

Agreement containing the same essential terms; none of these contracts are ever actually

negotiated by any distributor or even the bakery to whom the distributor reports" (Rec. Doc. 339,

p. 2). "Defendants also control all pricing, including the prices distributors pay them, as well as

the prices paid by customers to distributors for the same product." *Id.*

**I.    Magistrate Judge Whitehurst's Recommendation on Plaintiffs' Motion for Class Certification Under Rule 23 should be Adopted**

**a.   F.R.C.P. 23(a) Prerequisites**

"An action may proceed as a class action only if the party seeking certification

demonstrates that all four of the familiar requirements of [R]ule 23(a) are satisfied:  numerosity,

commonality, typicality, and adequacy."  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479

(C.A.5, 2001). Further, "the class sought to be represented must be adequately defined and

clearly ascertainable," *Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639

(C.A.5, 2012).

Judge Whitehurst correctly conducted, a "rigorous analysis of the [Rule 23] prerequisites

for certifying a class," *Castano v. Am. Tobacco Co.*,  84 F.3d 734, 740 (C.A.5, 1996).  This

Court should keep in mind that "[m]erits questions may be considered to the extent — but only

to the extent — that they are relevant to determining whether the Rule 23 prerequisites for class

certification are satisfied," *Steward v. Janek*, 315 F.R.D. 472, 481 (W.D.Tex., 2016), quoting

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).[3]  "Class

---

[3] See also FN9, below.

certification centers on the defendants' alleged unlawful conduct, not on individual injury." *In re Rodriguez*, 695 F.3d 360, 365 (C.A.5, 2012).[4]

### *Flowers waived objection to ascertainability, numerosity, and typicality.*

Defendants did not challenge Rule 23's requirements of ascertainability, numerosity and typicality.[5]  "Flowers does not challenge plaintiffs' contentions" either that "an identifiable class can be ascertained by reference to objective criteria," or that "precise identities of all class members can be readily determined from Flowers' business records." (Rec. Doc. 339, p. 6). The same is true of the magistrate judge's findings concerning Rule 23's numerosity (Rec. Doc. 339, pp. 6-7) and typicality (Rec. Doc. 339, pp. 14-16) requirements.

A de novo determination is not appropriate on those portions of a magistrate's report to which objection is not made:  28 U.S.C. 636(b)(1).  *See Rroku v. Cole*, 726 Fed.Appx. 201, 203 (C.A.5, 2018). Neither Title 28 nor F.R.C.P. 72(b)(3) provides for review of these determinations by the district  court – and they are not likewise reviewable on appeal other than for "plain error".  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (C.A.5, 1996).

### *Defendants' "undue reliance" criticism regarding commonality is misplaced: Flowers ignores factual findings and legal conclusions.*

Flowers' misclassification of each and every one of its employees suffices for commonality.  According to *Wal-Mart Stores v. Dukes*, 564 U.S. 338 (2011), "proof of commonality necessarily overlaps with respondents' merits contention that Wal–Mart engages in a pattern or practice of discrimination," including "[s]ignificant proof that an employer operated under a general policy of discrimination." *Dukes*, 564 U.S. at 352. "[I[f the discrimination

---

[4] See p. 12, *infra,* for similar discussion under FLSA.
[5] "[F]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Perocier-Morales v. U.S.*, 887 F.Supp.2d 399, 405 (D.Puerto Rico, 2012).

manifested itself in… the same general fashion… *We think that statement precisely describes respondents' burden*," quoting *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, FN13 (1982) (emphasis added).  Replace "Wal-Mart" and "discrimination" with "Flowers" and "misclassification," and the Court must concur with Judge Whitehurst that "plaintiffs satisfy the… *Dukes* standard in this matter".   (Rec. Doc. 339, p. 10).

Flowers ignores other commonalities among the class' claims, i.e., fines, fees, and administrative costs, handheld computer rent, warehouse rent, and other fixed periodic charges which the Magistrate Judge expressly found the record supports.  "[T]he state-law claims of the plaintiffs present common questions of law and fact" (Rec. Doc. 339, pp. 12-13).  All of these claims are common to *every* member of the class, and *all* of these claims are subject to uniform determination of propriety (or illegality) under LSA-R.S. 23:635, as Judge Whitehurst correctly noted.  Flowers' argument that certain of its wage deductions might be justified and thus unrecoverable – for example, the assertion that "[s]hrink is almost always caused by accounting errors by distributors" – is paternalistic and insulting (Rec. Doc. 342-1). More importantly, it is *totally unsupported* by any evidence other than self-serving declarations of Flowers executives – no data, no spreadsheets, nothing.

Flowers admits (Rec. Docs. 8-13) all of its Louisiana distributors share the same job classification, are paid in the same manner and on the same terms (and are not paid overtime), and engage in essentially identical job duties: "deliver and sell products to various customers, stock products on store shelves, and assemble promotional displays…"[6]  This is not "significant proof [of] a general policy" – it is *overwhelming* proof.

---

[6] Par. 2 of Rec. Docs. 9, 10, 11, 12.

4

Judge Whitehurst found commonality in the application of the LWPA to the Plaintiffs'

claims, noting succinctly "It is important that the same substantive law will apply to all Plaintiffs'

claims". *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D.La., 2006).  Defendants refuse to

recognize that the "significant evidence" noted by the Court, weighs *heavily* against them.

> ### *Flowers' adequacy argument fails to show clear error.  Flowers ignores detailed factual findings and legal conclusions.*

Judge Whitehurst's R&R notes, "there are no actual or potential conflicts of interest

between plaintiffs and the putative class…. After review of the record in this matter and the

briefs of the parties… the adequacy requirement has been met" (Rec. Doc. 339, p. 17).

Flowers responds by simply repeating its arguments that (of hundreds) "several class

members… do not want to be employees" (Rec. Doc. 342-1, p. 13). According to Defendants,

this "conflict" "raises significant due process concerns."

In reality these concerns are neither conflicts nor significant. There are no "conflicts of

interest" between named Plaintiffs and the other class members concerning the fact-finder's

determination of their *retrospective* status.[7]  Any disagreement as to whether class members

would or would not prospectively prefer to *remain* employees of Flowers does not even hint at a

conflict sufficient to defeat adequacy. Such a prospect is exactly what courts mean when they

discount hypothetical conflicts, raised by defendants for the sole purpose of avoiding class

treatment. Any "conflict will not defeat the adequacy requirement if it is merely speculative or

hypothetical," *In re BP p.l.c. Securities Litigation*, 2013 WL 6388408 (S.D.Tex., 2013) (internal

quotation omitted).

---

[7] Of several, this "objection" appears to be the most egregious instance of Defendants merely arguing to the district court exactly the same arguments raised in memoranda in opposition – warranting no "de novo determination" by this Court.

**b.  Rule 23(b)(2) and (b)(3)**

In addition to Rule 23(a)'s requirements, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)". *Dukes*, 564 U.S. at 345. Because Plaintiffs' state-law claims are premised entirely on obtaining "declaratory relief… respecting the class as a whole" Judge Whitehurst's R&R recommends certification under Rule 23(b)(2).  Plaintiffs' ancillary monetary claims under the Louisiana Wage Payment Act (LWPA) are suitable for certification under Rule 23(b)(3).

***Rule 23(b)(2) certification is addressed simply because it is simply found.***

According to Flowers, Judge Whitehurst's R&R should have explained in greater detail her recommendation of certification for uniform declarative relief under Rule 23(b)(2).  But the Magistrate Judge's R&R need not explicate exactly which factual findings lead to appropriate conclusions of law, so long as both are present. And, despite Flowers' protest, they are.

"Instead of requiring common issues, [Rule] 23(b)(2) requires common behavior by the defendant towards the class." *Casa Orlando Apartments, Ltd. v. Federal Nat. Mortg. Ass'n*, 624 F.3d 185, 198 (C.A.5, 2010).  Although Defendants refer to *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (C.A.5, 1998), the Fifth Circuit with specific reference to *Allison* has "explained that incidental means that damages flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief. Thus, damages may be incidental when they are capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances." *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975-76 (C.A.5, 2000) (emphasis in original).

Without doubt, the standards enunciated in *Bolin* are applicable here, and the R&R reflects that. As Judge Whitehurst accurately observed, "the extensive discovery conducted

6

#389105

shows that Flowers deducts employees' wages for a variety of reasons… [including] handheld computer rent, warehouse rent, and other fixed periodic charges…. Flowers admittedly charges *every* distributor a myriad of fines…. Flowers uses a *uniform policy* to apply these deductions" (Rec. Doc. 339, pp. 12-13) (emphasis added).

Moreover, *Allison* itself clarifies that "recovery of incidental damages should typically be concomitant with, not merely consequential to, class-wide injunctive or declaratory relief. Moreover, such damages should at least be capable of computation by means of objective standards…" *Allison, supra*, 151 F.3d at 415.  As Judge Whitehurst correctly found, "once liability is established, damages may be computed with a combination of Flowers' business records and class members' good-faith estimates of their work hours" (Rec. Doc. 33, p. 21), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).[8]  Defendants can only object that Judge Whitehurst's R&R fails to consider Rule 23(b)(2) requirements "*at all*" if they refuse to actually read the entire R&R. This Court is not so limited.

Finally, Plaintiffs' objections premised on *Allison* and its progeny expressly miss the point. "*Allison* reflects our concern that plaintiffs may attempt to shoehorn damages actions into the Rule 23(b)(2) framework, depriving class members of notice and opt-out protections…. Plaintiffs' counsel effectively gathers clients—often thousands of clients—by a certification under (b)(2). Defendants attempting to purchase res judicata may prefer certification under (b)(2) over (b)(3).  *Allison* speaks to these realities." *Bolin*, 231 F.3d at 976.  Neither of these considerations present a problem here. There is no suggestion whatsoever either that Plaintiffs here are seeking an inappropriately large class of thousands; or that Defendants are "attempting

---

[8] "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Partially superseded on unrelated grounds by the Portal-to-Portal Act; *see Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014).

#389105

to purchase *res judicata*" by avoiding an opt-out class.  The idea that "the monetary tail would be wagging the injunction dog" (Rec. Doc. 342-1, pp. 20-21) is laughable – absent injunctive relief in the form of declaration of misclassification, the "monetary tail" literally does not exist. To belabor the obvious, there is no LWPA recovery for independent contractors.

> ### *Judge Whitehurst's extensive consideration of Rule 23(b)(3)'s predominance requirement compels her conclusions in light of her findings of fact.*

In their objection to certification under Rule 23(b)(3), Defendants mischaracterize Judge Whitehurst's R&R.  The Defendants limit their reading to an isolated section, and decline to acknowledge that findings of fact elsewhere in the R&R are highly relevant here as well.  As the R&R explicitly recognizes, certification under Rule 23(b)(3) requires "identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (C.A.5, 2003) (Rec. Doc. 339, pp. 18-19).   These issues may consist of "questions of law *or* fact common to class members," *In re Wilborn*, 609 F.3d 748, 755 (C.A.5, 2010) (emphasis added) – and it is apparent from the R&R's findings of fact and its legal analysis that *both* tests are independently met here.

Judge Whitehurst's R&R explicitly identifies misclassification as the *legal* "issue [that] will predominate" – appropriately, since that "question is central to Plaintiffs' liability argument and common to the entire putative class" (Rec. Doc. 339, p. 20).  Flowers' protest that determination of misclassification "necessarily requires an inquiry into actual practice with each individual" (Rec. Doc. 342-1, p. 15) is both wrong on the law, and fantasy in light of the facts. *Right* to control, and *not* "actual practice," is "the essence of the employer-employee relationship" under Louisiana law. *Chiasson v. Louisiana Rock Monsters, LLC*, 2013-1423

(La.App. 4th Cir. 4/2/14). And at the risk of engaging in unwarranted merits determinations on

certification, the controlling substantive facts on Defendants' right to control, and thus those

facts controlling resolution of that legal issues, are *extensively* detailed in the R&R, though

perhaps not where (or to the conclusions) Flowers would prefer:

> Flowers defendants uniformly classify all distributors as independent contractors, pursuant to a "Distributor Agreement," which all distributors have signed. All distributors sign a Distributor Agreement containing the same essential terms; none of these contracts are ever actually negotiated by any distributor or even the bakery to whom the distributor reports. Defendants also control all pricing, including the prices distributors pay them, as well as the prices paid by customers to distributors for the same product. (Rec. Doc. 339, p. 2)

In sum, questions of law *and* fact are common to the class, and these issues vastly

predominate over any individualized inquiries. While explicitly acknowledging inevitable

variation among class members, Judge Whitehurst's R&R emphasized her factual finding that

such variations among class members are far less prominent than the commonalities which unite

them. (Rec. Doc. 339, p. 21).  "[T]he need for some individualized determinations at the liability

and damages stage does not defeat class certification…. Rather, the question is whether there is

reason to think that [individualized] questions will overwhelm common ones and render class

certification inappropriate." *Venegas v. Global Aircraft Service, Inc.*, 159 F.Supp.3d 93, 100

(D.Maine, 2016) (internal quotation marks omitted).[9]

In fact, the *only* "individualized inquiry" which Flowers can manage to argue might arise

among class members is whether a *single* one of its various deductions – to which *all* distributors

are subjected, meaning there is no difference in application – might have been (in some, entirely

---

[9] Quoting *In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (C.A.1, 2015) and *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S.Ct. 2398 (2014). Incidentally, Flowers appears to have overlooked (at least) *Venegas* (and *Janek, supra*) when it claimed to this Court (Rec. Doc. 342-1, p. 9) that "there is only one post-*Dukes* class certification decision cited in all of Plaintiffs' briefing and the R&R" – a statement that is flatly false, and irrelevant besides. See Rec. Doc. 322.

#389105

hypothetical cases) warranted.  Because the LWPA exempts employers from penalty in case of employees' "willful or negligent" activity, Flowers is forced to rely on a *single* deduction – stale/shrink – to suggest (without evidence other than self-serving statements of its own executives) that *some* amount of this *single* deduction *might sometimes* be the distributor's fault. Tellingly, Flowers offers no evidence whatsoever that that single individualized determination might amount to anything comparable to the numerous, universally applicable, deductions which form the vast majority of the class' claims.  Despite *having all relevant business records at its disposal*, Flowers declines to identify for the Court, for example, the relative magnitude of those claims it believes would require individualized inquiries versus those which would not. The reason is obvious: Flowers is well aware that common questions *vastly* predominate. Rule 23(b)(3)'s predominance is more than satisfied, and Defendants know it.

> ### *Defendants waived objection to Judge Whitehurst's R&R on Rule 23(b)(3)'s superiority requirement.*

Defendants did not object to the R&R's conclusion that class treatment is superior to individual pursuit of class members' claims.  (Rec. Doc. 339, p. 19)  Waived objections are subject only to "clear error" review.  See p. 1, *supra*.  Here, the Magistrate's R&R plainly finds the record supports superiority: class members might not seek relief at all otherwise for reasons of cost or fear; judicial economy will be promoted by holding one trial instead of hundreds; and the proposed class is certainly not so large as to be unmanageable (Rec. Doc. 339, p. 20).

## II.   Magistrate Judge Whitehurst's Recommendation on Defendants' Motion for Decertification of the FLSA Collective Should be Adopted

### a.   *The Magistrate Conducted a Legally Sound and Factually Supported Analysis on the "Similarly Situated" standard*

#389105

Plaintiffs' burden on decertification is cumulative of their demonstration under Rule 23. "Similar" and "typical" are synonymous. Therefore, when Plaintiffs demonstrated – and Magistrate Judge Whitehurst agreed[10] – that Plaintiffs' claims were typical for purposes of satisfying their burden under Rule 23, Plaintiffs likewise demonstrated – for purposes of the FLSA standard – that their claims were "similarly situated."  By the time the Plaintiffs had also demonstrated – and Magistrate Judge Whitehurst likewise agreed – that Plaintiffs' claims were also *common* among the members of a class, Plaintiffs had gone well past any "similarly situated" standard.

Flowers' assertions about the Magistrate Judge's analysis are unsupported. Magistrate Judge Whitehurst did not merely "adopt[] the reasoning of *Rehberg*"[11] in finding the Plaintiffs are similarly situated. Instead, the Magistrate Judge conducted a careful and thorough analysis of the evidence following the appropriate authorities addressing decertification.

Magistrate Judge Whitehurst avoided error by carefully conducting the two-step *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) analysis for determining whether the Plaintiffs are indeed "similarly situated" (Rec. Doc. 339, pp. 23-24). Though it would have been easy for her to pretermit such an analysis based on her earlier findings on typicality and commonality under her Rule 23 analysis, the Magistrate Judge studiously observed the appropriate authorities providing that a "Rule 23 – type analysis is incompatible with FLSA collective actions. *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015), citing *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013).  Therefore, the Magistrate Judge's legally sound analysis was certainly not "cursory"[12] — it was commendably exhaustive.

---

[10] Rec. Doc. 339, p. 16.
[11] *Rehberg v. Flowers Baking Company of Jamestown, LLC*, 2015 WL 1346125 (W.D.N.C. Mar. 23, 2015).
[12] "Even a cursory review of the R&R . . . makes it 'clear' that this was not done." (Rec. Doc. 342-1, p. 27)

#389105

Magistrate Judge Whitehurst's analysis was also factually supported. Despite the Flowers defendants' assertions, the Magistrate Judge's finding was not exclusive to scrutiny about classification. On the contrary, after combing through the evidence in its totality[13] Magistrate Judge Whitehurst correctly made four findings in reaching her conclusion that decertification is without merit and would defeat the clear purpose of the FLSA.

First, Magistrate Judge Whitehurst found that "the plaintiff distributors [all] signed the Distributor Agreement, which is essentially the same agreement for all distributors classifying them as independent contractors" (Rec. Doc. 339, p. 26). Second, she found that "[t]he distributors all have substantially similar job duties" (Rec. Doc. 339, p. 26). Third, she found that all distributors are subject to the same common classification by defendants as independent contractors, and thus, not entitled to overtime pay" (Rec. Doc. 339, p. 26). Finally, Magistrate Judge Whitehurst found that "the record makes clear that despite being classified as independent contractors in their Distributor Agreements, Flowers classifies all distributors as 'statutory employees' . . . and pays FICA taxes on behalf of each distributor" (Rec. Doc. 339, pp. 26-27).

Magistrate Judge Whitehurst stressed that this fourth finding "demonstrates the uniform policy or pattern of classifying all distributors in the same way to benefit Flowers" (Rec. Doc. 339, p. 27). Therefore, following *Mooney*, Magistrate Judge Whitehurst concluded, "[b]ased on the foregoing evidence adduced through discovery, the undersigned finds the plaintiffs have provided sufficient evidence of a company-wide policy which may violate the FLSA" (Rec. Doc. 339, p. 27).[14]

---

[13] The Magistrate makes two separate references to such an exhaustive review in her report and recommendation. See Rec. Doc. 339, p. 32 and p. 33.
[14] See p. 2, *supra*, for similar discussion under Rule 23.

Flowers' assertions may support carefully skewed recitations of the jurisprudence on decertification, but they fall short of competently and accurately challenging the Magistrate Judge's sound analysis and findings denying decertification. They certainly lend no credence to the notion that the District Court should reject the Magistrate Judge's findings and recommendation.  Magistrate Judge Whitehurst entertained but rejected Flowers's unsupported assertion that "actual practice varied significantly with regard to alleged control . . ." (Rec. Doc. 342-1, p. 28).   The Court should adopt the Magistrate Judge's report and recommendation.

### b. The Magistrate Correctly Found the Evidence is Sufficiently "Representative".

On "representative evidence", the Flowers defendants meet themselves coming and going. They assert "for every Plaintiff who provides testimony supporting employee status, Defendants can call several others who will say the exact opposite" (Rec. Doc. 342-1, p. 28). This argument fails Flowers on decertification for two reasons.

First, Plaintiffs will at minimum offer testimony to demonstrate the four grounds on which Magistrate Judge Whitehurst relied to conclude Plaintiffs are "similarly situated," but Flowers' claims to countervailing testimony are arguments not evidence. For example, there is no evidence before the Court challenging the Magistrate Judge's finding that "[t]he distributors all have substantially similar job duties" (Rec. Doc. 339, p. 26), even as Defendants claim that evidence is readily available. On the contrary: all evidence considered and cited by the Magistrate Judge militates against Flowers' claims.

Second, if the Flowers defendants can indeed "call several others who will say the exact opposite," then the evidence should be sufficiently "representative" for their defense in a class-wide trial.

13

The Flowers defendants did not set forth varying evidence on the critical four grounds on which the Magistrate Judge relied. They cited, instead, inconsequential differences on five factual points. The Magistrate expressly noted all five of these factual grounds at p. 28 of her report and recommendation. See (Rec. Doc. 339, p. 280. None of these five grounds was persuasive to the Magistrate as material to the issue before the Court. The Magistrate further noted that this same approach by the Flowers defendants was likewise rejected by the *Rehberg* court.

Flowers continued that failing practice in their objection to the Magistrate Judge's recommendation. For example, they support their assertion with a distributor ("Mr. Doucet") who "didn't even service his territory on a full-time basis for 12 months . . ." (Rec. Doc. 342-1, p. 29). Flowers failed to note that same individual's distributor agreement, the duties he is required to fulfill, or his classifications by Flowers – all of which are identical to those of his coworkers.

Even if that (irrelevant) evidence is reviewed by the Court in a light most favorable to the Flowers defendants, *it still fails* to show any suggested variation of evidence on the critical four grounds on which Magistrate Judge Whitehurst relied.

Denial of decertification will not preclude the Flowers defendants "the opportunity to present . . . individualized evidence . . ." (Rec. Doc. 342-1, p. 29). On the contrary, Flowers will be able to call whomever they desire for purposes of contradicting Plaintiffs' assertions about employee control.

Consider Mr. Doucet discussed above. Plaintiffs might not call such a witness for the purpose of demonstrating control, but defendants could. There is nothing about collective treatment of this case that will preclude Defendants' ability to elicit his testimony. Moreover,

14

#389105

even considering Flowers's assertions about such peculiarities every witness's testimony will still be sufficiently representative on the four critical grounds on which Magistrate relied. Therefore, the Magistrate "agree[d] with the plaintiffs . . . that any differences in particular defendants can be adequately raised at a trial involving representative testimony" (Rec. Doc. 339, p. 31).

Magistrate Judge Whitehurst agreed with the *Rehberg* court that the Flowers defendants continue to "ignore the larger picture of the issue at hand—that all distributors are subject to [d]efendants' uniform policies." (Rec. Doc. 339, p. 29). , citing *Rehberg v. Flowers Baking Company of Jamestown, LLC*, 2015 WL 1346125 (W.D.N.C. Mar. 23, 2015). Flowers itself facilitates this conclusion by rehashing the same assertions rejected by the *Rehberg* court. It is no surprise that the Magistrate Judge, while still engaging in the required factual analysis and legal conclusions, finds the *Rehberg* court's conclusions persuasive – Defendants invited that conclusion by repeating here the same arguments (which failed there) on identical facts.

The Magistrate correctly followed persuasive FLSA jurisprudence in noting that collective treatment may be appropriate when "common issues and facts predominate, and the court finds that other factors indicate that plaintiffs are similarly situated and proceeding as a collective action would be appropriate" (Rec. Doc. 339, p. 30), citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1107 (10th Cir., 2001) ("Courts have consistently allowed, or even required, a small number of employees to testify to establish a pattern of violations for a larger number of workers.")

Finally, the Magistrate Judge appropriately considered the rationale and spirit behind the purpose of collective treatment under the FLSA. In doing so the Magistrate Judge concluded that "[d]ecertifying this class would be contrary to both of the purposes of Section 216 of the

15

#389105

FLSA" (Rec. Doc. 339, p. 32). Congress *intended* by this remedial statute "to give plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources . . ." (Rec. Doc. 339, p. 32), quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 541 (S.D. Tex. 2008). It would be economically fatal to Plaintiffs' claims for each of them to be required to call in individual trials each of the company witnesses necessary to proving their case. Moreover, it would provide Flowers witnesses the opportunity to offer varied and conflicting testimony, as the situation might appear to demand, in the course of hundreds of trials, in spite of this Magistrate Judge's findings on the above-enumerated critical grounds that are *identical* for each plaintiff.  And these matters certainly predominate over the nominal differences raised by the Flowers defendants. Therefore, the Magistrate Judge recommended that this Court honor the purpose behind the statute and deny the Flowers defendants' Motion for Decertification. Plaintiffs respectfully submit the Court should agree.

## CONCLUSION

Magistrate Whitehurst's exhaustive analysis under Fifth Circuit precedent properly recommends a certification under Rule 23 "center[ed] on defendant's alleged unlawful conduct" (*supra*, p 3.), and denial of decertification of the collective action based on "sufficient evidence of a company-wide policy which may violate the FLSA." (*supra*, p. 12).  While her analysis corroborates near identical findings on near identical facts in *Rehberg*[15] she neither "relied" on that decision, nor needed to.  Plaintiffs respectfully urge that her recommendation be adopted *in toto* by this Court.

---

[15] *Rehberg v. Flowers Baking Company of Jamestown, LLC*, 2015 WL 1346125 (W.D.N.C. Mar. 23, 2015)

#389105

Respectfully submitted,


/s/ Steven G. Durio
Steven G. Durio [#05230]
Ryan M. Goudelocke, T.A. [#30525]
Travis J. Broussard [#33036]
D. Patrick Keating [#14417]
**Durio, McGoffin, Stagg & Ackermann**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308
Phone: (337) 233-0300
Fax:     (337) 233-0694


/s/ Thomas M. Hayes, IV
Thomas M. Hayes, IV [#28600]
**Hayes, Harkey, Smith & Cascio, L.L.P.**
2811 Kilpatrick Blvd. (71201)
Post Office Box 8032
Monroe, LA 71211-8032
Phone: (318) 387-2422
Fax:     (318) 388-5809


**ATTORNEY FOR THE PLAINTIFFS AND THE CLASS**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **Plaintiffs' Response to Objections to Magistrate Judge's Report and Recommendations** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 10th day of September, 2018.


/s/ Steven G. Durio
STEVEN G. DURIO

#389105