UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX, and MARK LOUVIERE, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> VERSUS <br><br> FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC and FLOWERS BAKING COMPANY OF TYLER, LLC, <br><br> Defendants. | CIVIL ACTION NO. 15-cv-2557 <br><br> DISTRICT JUDGE S. MAURICE HICKS <br><br> MAGISTRATE JUDGE CAROL B. WHITEHURST |

**RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Defendants submit this Response to Plaintiffs' Supplemental Response to Objections to Magistrate Judge's Report and Recommendations (Rec. Doc. No. 367). As discussed below, neither the *Carr*[1] nor *Noll* decisions assist Plaintiffs here in establishing the propriety of class or collective action certification because they do not involve "virtually identical facts" as Plaintiffs contend. Rather, *Carr* and *Noll* involve different subsidiaries, plaintiffs, facts and state law claims. For similar reasons, among others discussed below, neither *Carr* nor *Noll* advance the ball any further to support Magistrate Judge Whitehurst's Report & Recommendations (R&R). To the contrary, as discussed below and for the reasons set forth in Defendants' Objections, Defendants' Objections to the R & R (Rec. Doc. No. 342-1) should be granted, the R & R must be aside.

---

[1] A 23(f) petition is currently pending in *Carr*, attached as Exhibit 1.

1

Case 6:15-cv-02557-SMH-CBW   Document 368-2   Filed 06/10/19   Page 2 of 8 PageID #: 13637

I. ARGUMENT

    A. In the Fifth Circuit, the Court Must Rigorously Analyze the Claims, Defenses, Facts and Substantive Law *In This Case* When Deciding Class Certification, Rendering the *Carr* and *Noll* decisions inapposite.

Plaintiffs argue that *Carr* and *Noll* are persuasive here because they involve "virtually identical facts." (Ct. Doc. No. 367, p. 1). This is not true. Both *Carr* and *Noll* involve: (1) different plaintiffs contracted with different subsidiaries, (2) markedly different factual records, and (3) fundamentally different state law claims. These differences are legally significant in several ways, as discussed more fully below. For this reason, they do nothing to "endorse" Judge Whitehurst's reasoning in the R & R as Plaintiffs contend, nor help Plaintiffs meet their burden of providing "significant proof" that the Rule 23 requirements are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011).

Fifth Circuit precedent "require[s] district courts to, *inter alia,* 'look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (quoting *McManus v. Fleetwood Enters., Inc.,* 320 F.3d 545, 548 (5th Cir. 2003)). Both *Carr* and *Noll* involve *different* state law claims, *different* defenses, *different* relevant facts and *different* substantive law applicable to the Rule 23 analysis than those present here. While the three cases do all involve claims under the Fair Labor Standards Act ("FLSA") and certain defenses thereto, this is inapposite because independent contractor or exemption determinations under the FLSA, by definition, necessarily require an analysis of the particular facts at hand. Thibault v. Bellsouth Telecomms., Inc., 612 F.3d 843, 848 (5th Cir. 2010). For this reason, neither *Carr* nor *Noll* can assist the Court with the rigorous analysis it is required to conduct of the factual record here to determine whether class or collective action certification is appropriate. *Dukes*, 564

2

U.S. at 350-51 (emphasis added) ("[a] district court must conduct a rigorous analysis of the Rule 23 pre-requisites before certifying a class.")

Indeed, placing undue reliance "on the conclusions of other courts" without rigorously analyzing the record in the case at hand constitutes reversible error in this Circuit. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). And, Magistrate Whitehurst's failure to conduct the requisite rigorous analysis of the factual record in this case, while unduly relying on a non-binding decision in North Carolina,[2] is one of the fundamental reasons the R & R itself is fundamentally flawed, as discussed more fully in Defendants' Objections. *See* Memorandum in Support of Defendants' Objections to Magistrate Judge's Report and Recommendations (Rec. Doc. No. 342-1, pp. 17-18).

In addition to the inherent problems with adopting the reasoning of cases involving different facts, the substantive law and claims in *Carr* and *Noll* are markedly different than this case. For one, the independent contractor test used in Louisiana differs from the tests used in Pennsylvania, New Jersey, Maryland or Maine that were implicated in *Carr* and *Noll.* To determine independent contractor status in Louisiana, a five-factor test is used, and the court is required to conduct a "factual determination to be decided on a case-by-case basis." *Ocampo v. Maronge,* 237 So.3d 627, 633-34 (La. App. 5 Cir. 2017), *writ* denied 240 So.3d 920 (La. 2018). Moreover, here, unlike *Carr* or *Noll,* Plaintiffs assert claims for unlawful "fines" under the Louisiana Wage Payment Act (Rec. Doc. No. 1). Rather, this is a statute unique to Louisiana. Even assuming Plaintiffs can surmount the obstacle of showing they were subjected to unlawful "fines," which will be difficult given how narrowly construed the term "fine" is under this statute in

---

[2] *Rehberg v. Flowers Baking Co. of Jamestown, LLC,* 162 F.Supp.3d 490, 501 (W.D. N.C. 2016).

Louisiana,³ this claim necessarily requires individualized, fact-specific inquiries that, by definition, can only be answered by proof from plaintiffs in this case. More specifically, to determine if a distributor was subject to a "fine," the court needs to, among other things, determine *for each alleged fine* at issue whether the distributor "willfully or negligently" damaged the property resulting in the deduction. La. Stat. Ann. § 23:635. There are no "fine" claims in *Carr* or *Noll*. Conversely, unlike *Richard, Carr* and *Noll* involve state law overtime claims among others, different tests used to determine IC status (including the markedly different "ABC test" in NJ), and different defenses not applicable in this case.⁴

> B. The *Carr* and *Noll* decisions go no further to support class or collective action certification or endorse the R & R because they are fundamentally flawed.

Even if the Court looked past the fundamental differences with *Carr* and *Noll*, which Defendants deny would be appropriate, the *Carr* and *Noll* decisions are fundamentally flawed and go no further to save the R & R here. In fact, a 23(f) petition for appellate review is currently pending with the Third Circuit in *Carr* for this reason. The *Carr* decision, among other errors, placed undue reliance on the right to control and not actual control as required when determining independent contractor status, which is material to that determination. And, most importantly, the *Carr* court completely disregarded the Supreme Court's most recent pronouncement that FLSA exemptions must be given a "fair reading," instead holding that they should be "narrowly construed"—a contention the Supreme Court has explicitly rejected. *Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018). Because the state overtime claims in *Carr* generally follow the FLSA, applying the wrong scope for the exemptions significantly tainted both the class certification and decertification analysis.

---

³ A "fine" is very narrowly construed in Louisiana and Defendants believe Plaintiffs' LWPA claims fail on that basis. *Samson v. Apollo Resources, Inc.* 242 F.3d 629 (5th Cir. 2001).
⁴ Defendants, of course, disagree with these decisions for various reasons discussed below.

The *Noll* decision is likewise devoid of any rigorous analysis of the factual record at hand, among other flaws. Like the R & R here, it contains no citations to and virtually no discussion of record evidence, which alone constitutes reversible error. *Reinig v. RBS Citizens, N.A.,* 912 F.3d 115, 129 (3rd Cir. 2018) ("Such a barebones analysis, without citations to specific, factual support in the record, simply does not permit a reviewing court to conclude that the District Court in fact undertook 'rigorous' review mandated by our precedents.") This failure to conduct a rigorous analysis, like the R & R does here, is significant because it is well-established that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011)).

Indeed, if the Court is inclined to consider supplemental authorities involving other subsidiaries, it should consider a recent decision denying class certification rendered by Judge Klausner with the Central District of California. *See Button v. Flowers Baking Co. of Henderson, LLC, et al.*, Order, No. 2:18-cv-10116-RGK-AS (C.D.Ca. May 28, 2019) (attached as Exhibit 2). This decision was rendered after briefing on Plaintiffs' Motion for Class Certification fully closed.[5]

More specifically, at the end of last month, Judge R. Gary Klausner, United States District Court Judge in the Central District of California, denied plaintiff's motion for class certification in a misclassification case brought by a branch sales manager ("BSM") on behalf of other BSMs. *Button,* No. 2:18-cv-10116-RGK-AS, at *1-8.[6] In reaching his decision, Judge Klausner noted that:

> "[A] blanket exemption policy does nothing to facilitate common proof" when there are individualized issues as to whether it applies." *In re Wells Fargo Home Mortg. Overtime Pay Litig.,* 571 F.3d 953, 959 (9th Cir. 2009). "Whether such a policy is in place or not, courts must still ask where the

---

[5] Plaintiffs' Motion for Class Certification can be found at Rec. Doc. No. 306. Responses (Rec. Doc. No. 335) and replies (Rec. Doc. No. 359) were subsequently filed.
[6] While *Button* involved BSMs and not distributors, the general exemption analysis contained therein and its impact on class certification is applicable here.

> individual employees actually spent their time." *Id.* **"[T]he fact that an employer classifies all or most of a particular class of employees as exempt does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties."** *Id.* (citing *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 603 (E.D. Cal. 2008); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009) **("[F]ocusing on a uniform exemption policy alone does little to further the purpose of Rule 23(b)(3)'s predominance inquiry, which requires an assessment of the relationship between individual and common issues."**)

*Id.*, at *6 (emphasis added).

After reviewing the record evidence regarding what plaintiffs were *actually doing* on a day-to-day basis as required, Judge Klausner found the evidence showed that each member of the putative class "has significantly different experiences of the work he or she performs and how much time he or she spends on each type of work." *Id.*, at *6. Given these differences, determining whether each putative class member was exempt necessarily entailed conducting "an individual inquiry that would require questioning each [individual] separately." (*Id.*)  Although the plaintiff pointed to portions of a training manual and an employee handbook as the "common evidence" of the job duties and responsibilities of putative class members, the court noted that these documents "sa[id] little of the daily job duties." (*Id.*) Given all this, the court found that "common questions d[id] not predominate" and the Rule 23(b)(3) requirements were not satisfied. *Id.*, at *8. The same reasoning applies here.

Courts within the Fifth Circuit likewise share Judge Klausner's opinion that uniform policies by themselves do not justify class treatment.  For example, the court in *Andel v. Patterson-UTI Drilling Co., LLC* stated:

> Plaintiffs argue that the common "decision, policy, or plan" was Defendant's uniform classification of the Plaintiffs and putative plaintiffs as independent contractors instead of employees. However, "[t]he Court cannot only look to [Defendant's] uniform classification of the workers .... Instead, it must determine whether the proof to demonstrate that the workers are 'employees' or 'independent

6

contractors' can be applied to the class as a whole." Id. (citing *Hoffmann–La Roche*, 493 U.S. at 170, 110 S.Ct. 482). Moreover, as Judge Rosenthal recognized in Maynor, "Courts have refused to permit FLSA suits to proceed as collective actions if the individualized inquiries required would eliminate 'the economy of scale envisioned by the FLSA collective action procedure.' " *Maynor*, 2008 WL 2220394, at *8 (quoting *Holt v. Rite Aid Corp*., 333 F.Supp.2d 1265, 1275 (M.D.Ala.2004), and citing *Donihoo v. Dallas Airmotive, Inc*., 1998 WL 91256, at *1 (N.D.Tex. Feb. 23, 1998) ("[A]n inquiry into the employee's specific job duties ... is not appropriate in a class lawsuit under Section 216(b)")).

280 F.R.D. 287, 290 (S.D. Tex. 2012).

For these reasons, and as more fully set forth in Defendants' Objections to the R & R, Defendants Objections should be granted, and the R & R should be vacated and/or reversed.

Dated this 10th day of June, 2019.

/s/  Andrew J. Halverson
Gregory Guidry, La. Bar No. 06489
Andrew J. Halverson, La. Bar No. 31184
**Ogletree, Deakins, Nash, Smoak**
  **& Stewart, P.C.**
325 Settlers Trace Blvd., Suite 201
Lafayette, LA 70508
Telephone: 337.769.6583
Facsimile: 337.989.0441
Email:gregory.guidry@ogletreedeakins.com

AND

* Margaret Santen Hanrahan, GA Bar No. 578314
* Michael Ray, IL Bar No. 6285109
*Benjamin R. Holland, NC Bar No. 28580
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704.342.2588
Facsimile:  704.342.4379
Email: maggie.hanrahan@ogletree.com
michael.ray@ogletree.com
ben.holland@ogletree.com
* Admitted Pro Hac Vice

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS** has been filed via the Court's ECF/CM system, which will provide notice to all counsel of record, this 10th day of June, 2019.

                                          */s/ Andrew J. Halverson*
                                          Andrew J. Halverson

38797639.1