**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX, and MARK LOUVIERE, individually and on behalf of all similarly situated individuals,** | |
| Plaintiffs, | **CIVIL ACTION NO. 15-cv-2557** |
| **VERSUS** | **DISTRICT JUDGE S. MAURICE HICKS** |
| **FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC and FLOWERS BAKING COMPANY OF TYLER, LLC,** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |
| Defendants. | |

**EXHIBIT 2**

**TO**

<u>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CERTIFICATION AND AGAINST DECERTIFICATION**</u>

R&R Comparison Chart

| **Plaintiffs' Memorandum in Support of Motion for Class Certification [Doc. 299-1]** | **R&R [Doc. 339]** |
|---|---|
| "Flowers controls virtually all aspects of the product sales, the prices distributors can charge for the products, the distribution chain, and the actions of distribution employees. (Ex. 43.) This primary issue is common to each member of the Louisiana Class, can be answered on a class-wide basis, and leads to other common questions of law and fact." [Doc. 299-1, p. 26] | "Flowers controls virtually all aspects of the product sales, the prices distributors can charge for the products, the distribution chain, and the actions of distribution employees. This primary issue is common to each plaintiff asserting Louisiana state law claims, can be answered on a class-wide basis, and leads to other common questions of law and fact under Louisiana law." [Doc. 339, p. 10] |
| "Louisiana courts have held that employer's unilateral, arbitrary, or unreasonable deduction of employees' wages is a 'fine' which and violates La. R.S. 23:635. *Stegall, supra,* note 3*; Brown v. Navarre Chevrolet, Inc.,* App. 3 Cir.1992, 610 So.2d 165; *Slaughter v. Bd. of Sup'rs of S. Univ. & Agr. & Mech. Coll.,* 2010-1049 (La. App. 1 Cir. 8/2/11), 76 So. 3d 438, 457, writ denied, 2011-2110 (La. 1/13/12), 77 So. 3d 970; *Samson v. Apollo Res., Inc.,* 242 F.3d 629, 632 (5th Cir. 2001); *Beard v. Summit Inst. of Pulmonary Med. & Rehab., Inc.,* 97-1784 (La. 3/4/98), 707 So. 2d 1233, 1237; *Moore v. Fleming Subway Restaurants, Inc.*, 28,543 (La.App. 2d Cir. 8/21/96), 680 So.2d 78. "An employer may not legally require an employee to pay a 'fine' in the form of a financial penalty for an error or perceived breach of the employer's work rules or policies." *Stegall, supra,* note 3." [Doc. 299-1, pgs. 29-30] | "Louisiana courts have held that employer's unilateral, arbitrary, or unreasonable deduction of employees' wages is a fine which and violates La. Rev. Stat. §23:635. *See, e.g.*, *Stegall, supra,* note 3*; Brown v. Navarre Chevrolet, Inc.,* App. 3 Cir.1992, 610 So.2d 165; *Slaughter v. Bd. of Sup'rs of S. Univ. & Agr. & Mech. Coll.,* 76 So. 3d 438, 457 (La. App. 1st Cir. 8/2/11), *writ denied*, 77 So.3d 970 (La. 1/13/12); *Samson v. Apollo Res., Inc.,* 242 F.3d 629, 632 (5th Cir. 2001); *Beard v. Summit Inst. of Pulmonary Med. & Rehab., Inc.,* 707 So. 2d 1233, 1237(La. 3/4/98); *Moore v. Fleming Subway Restaurants, Inc.*, 680 So.2d 78 (La.App. 2nd Cir. 8/21/96). "An employer may not legally require an employee to pay a 'fine' in the form of a financial penalty for an error or perceived breach of the employer's work rules or policies." *Stegall, supra,* note 3." [Doc. 339, p. 12] |
| "Even the handheld computer rent, warehouse rent, and other fixed periodic charges are arbitrarily determined and unilaterally imposed." [Doc. 299-1, p. 31] | "Items such as handheld computer rent, warehouse rent, and other fixed periodic charges are arbitrarily determined and unilaterally imposed." [Doc. 339, p. 13] |
| "Flowers admittedly charges every distributor a myriad of fines by deducting such fines from distributors' weekly settlement checks. Flowers admits to reducing distributors' settlement checks by applying these fines and deductions." [Doc. 299-1, pgs. 31-32] | "Flowers admittedly charges every distributor a myriad of fines by deducting such fines from the distributors' weekly settlement checks and admits to reducing distributors' settlement checks by applying these fines and deductions." [Doc. 339, p. 13]. |
| "The common LWPA violation claims among the putative class and Plaintiffs arise from | "The common LWPA violation claims among the putative class and plaintiffs arise from |

1

| **Plaintiffs' Memorandum in Support of Motion for Class Certification [Doc. 299-1]** | **R&R [Doc. 339]** |
|---|---|
| Flowers' conduct that is common to all distributors. Plaintiffs satisfy the typicality requirement because they and the putative class were all injured in the same way from the same course of conduct, and their claims are based on the same legal theory. *Id*." [Doc. 299-1, p. 36]. | Flowers' conduct that is common to all distributors. Plaintiffs satisfy the typicality requirement because they and the putative class were allegedly all injured in the same way from the same course of conduct, and their claims are based on the same legal theory." [Doc. 339, p. 16]. |
| "Plaintiffs also satisfy the second prong of the adequacy inquiry because they have retained counsel who is knowledgeable and experienced in employment law litigation as well as prosecuting class action matters. (Ex. 38.) In their work to date, Plaintiffs' counsel has shown they will fairly and adequately represent the interests of the class. These facts alone are sufficient to establish the adequacy of Plaintiffs' legal representation. In the absence of proof to the contrary, courts presume that class counsel meets the adequacy requirement. *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F.Supp.2d 1040, 1052 (S.D. Tex.2012) (*citing In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 308 (3d Cir.1998))." [Doc. 299-1, p. 37] | "Plaintiffs satisfy the first prong of the adequacy inquiry because they have retained counsel who is knowledgeable and experienced in employment law litigation as well as prosecuting class action matters. Plaintiffs' counsel have shown they will fairly and adequately represent the interests of the class. These facts alone are sufficient to establish the adequacy of plaintiffs' legal representation. In the absence of proof to the contrary, courts presume that class counsel meets the adequacy requirement. *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig., 851 F.Supp.2d 1040, 1052 (S.D. Tex.2012), citing In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 308 (3rd Cir.1998)." [Doc. 339, p. 17] |
| " As discussed above, the primary issue in this case is whether Flowers misclassified distributors as independent contractors. *See also, Rehberg, supra*, note 4 (Class of Flowers' distributors certified under Rule 23(b)(2) and Rule 23(b)(3)). This question is central to Plaintiffs' liability argument and common to the entire putative class. *Id*. If Flowers misclassified Plaintiffs, then the misclassification applies to every distributor making up the putative class, thus satisfying the predominance requirement." [Doc. 299-1, p. 40] | "In the instant case, as in *Rehberg*, the primary issue in this case is whether Flowers misclassified distributors as independent contractors under the LWPA. This question is central to plaintiffs' liability argument and common to the entire putative class. If Flowers misclassified plaintiffs, then the misclassification applies to every distributor making up the putative class, thus satisfying the predominance requirement." [Doc. 339, p. 20] |
| " The Fifth Circuit has consistently held that the need for some individualized proof of damages after the liability stage, "will not | "[T]he Fifth Circuit has held that the need for some individualized proof of damages after the liability stage, "will not defeat class |

2

| **Plaintiffs' Memorandum in Support of Motion for Class Certification [Doc. 299-1]** | **R&R [Doc. 339]** |
|---|---|
| defeat class certification" where the computation of damages is largely a mechanical task. *See Allison v. Citgo Petroleum Corp.,* 151 F. 3d 402, 427 (5th Cir. 1998)); *Rodriguez v. Flowers Foods, Inc.,* 4:16-CV-245, 2016 WL 7210943, at *6 (S.D. Tex. Dec. 13, 2016); *Gomez v. American Garment Finishers Corp.,* 200 F.R.D. 579, 585 (W.D.Tex.2000); *Bing v. Roadway Express, Inc.,* 485 F.2d 441 (5th Cir. 1973). *See also, Rehberg, supra,* note 4 (Class of Flowers' distributors certified under Rule 23(b)(2) and Rule 23(b)(3)). Here, once liability is established, damages may be computed with a combination of Flowers' business records and class members' good-faith estimates of their work hours. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *See also, Rehberg v. Flowers Baking Co. of Jamestown, LLC,* 3:12-CV-00596-MOC, 2015 WL 1346125, at *14 (W.D.N.C. Mar. 24, 2015)."  [Doc. 299-1, pgs. 40-41] | certification" where the computation of damages is largely a mechanical task. *See Allison v. Citgo Petroleum Corp.,* 151 F. 3d 402, 427 (5 Cir. 1998); *Rodriguez v. Flowers Foods, Inc.,* 4:16-CV-245, 2016 WL 7210943, at *6 (S.D. Tex. Dec. 13, 2016); *Gomez v. American Garment Finishers Corp.,* 200 F.R.D. 579, 585 (W.D.Tex.2000); *Bing v. Roadway Express, Inc.,* 485 F.2d 441 (5th Cir. 1973). Here, once liability is established, damages may be computed with a combination of Flowers' business records and class members' good-faith estimates of their work hours. *See Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687 (1946); *see also, Rehberg, LLC,* 2015 WL 1346125, at *14."  [Doc. 339, p. 21] |

41708309.1

3