UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX and MARK LOUVIERE, individually and on Behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br><br>VERSUS<br><br>FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC; and FLOWERS BAKING COMPANY OF TYLER, LLC<br><br>    Defendants. | CIVIL ACTION NO. 15-cv-2557<br><br>DISTRICT JUDGE S. MAURICE HICKS, JR.<br><br>MAGISTRATE JUDGE CAROL WHITEHURST |

**MEMORANDUM IN SUPPORT OF MOTION
TO ENFORCE ORDER TO CONTINUE NEGOTIATIONS**

MAY IT PLEASE THE COURT:

This Memorandum is submitted by Antoine Richard, et al. in support of the Motion to Enforce Order to Continue Negotiations filed in connection therewith.

### INTRODUCTION

On January 9, 2020, Magistrate Judge Carol B. Whitehurst conducted a telephone conference with the parties to discuss the status of this matter. Counsel for both parties were present. The Court inquired as to settlement discussions. Counsel for the Plaintiffs stated that, after the last settlement conference with Judge Hanna on April 4, 2019, he had made a written effort in October 2019 to reinitiate direct settlement discussions. Counsel for both parties indicated

that they wanted to continue direct discussions, rather than have Judge Whitehurst ask Judge Hanna to conduct another settlement conference.

During the telephone conference, the Court issued a number of orders, which were reduced to writing on January 10, 2020. (Rec. Doc. 381).  The Minutes of the Telephone Conference state,

> Finally, it was ORDERED that the parties continue to engage in settlement negotiations.  The [parties] shall contact Judge Hanna's office to request a continuation of the previously held settlement conference when the parties believe that such conference will further the resolution of this matter.

(Rec. Doc. 381).

Plaintiff's last effort to continue settlement negotiations was in October 2019.  Defendants have failed to respond to Plaintiffs' October 2019 effort to negotiate.  Defendants' prolonged failure to respond is in direct violation of the Court's January 2020 order to "continue settlement negotiations." (Rec. Doc. 381).

**LAW AND ARGUMENT**

Federal Rules of Civil Procedure Rule 16(f) grants Courts the authority to issue "any just orders . . . if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Under FRCP Rule 16(f), the Fifth Circuit has enforced pre-trial orders instructing the parties to participate in good faith settlement negotiations.  A party's failure to comply with an order to engage in settlement negotiations has resulted in a variety of action taken by courts to demand compliance and enforce a prior order.   See, Rule FRCP 16; *Dawson v. United States,* 68 F.3d 886 (5th Cir. 1995); *Dunlap v. Dagostino*, No. CV 17-11486, 2019 WL 3306518, at *1 (E.D. La. July 23, 2019);  *Wilson v. Smith & Nephew, Inc.,* No. 3-12-CV-1063-B, 2013 WL 1875949, at *1 (N.D. Tex. Apr. 10, 2013), *report and recommendation adopted,* No. 3:12-CV-1063-B, 2013 WL 1880770 (N.D. Tex. May 6, 2013).

In *Dawson*, the trial court ordered the parties to participate in a pre-trial settlement negotiation. *Id.* at 893. On its own motion, the trial court ordered sanctions. *Id.* at 894. Though the Fifth Circuit overturned the ultimate decision on sanctions, the District Court's authority to order the parties to engage in settlement negotiations was not questioned by the higher court. *Id.* at 899. Rather, the Fifth Circuit noted that "Early settlement of cases is an extremely laudable goal, which federal judges have considerable power to encourage and facilitate, *see, e.g.,* FED.R.CIV.P. 16." *Id.* at 897. Under *Dawson,* this Court's authority to order Antoine Richard, et al. and Flowers Foods, et al. to "continue settlement negotiations" is unquestionable, and Defendants' prolonged failure to provide any response to Plaintiffs is a failure to comply with such Order.

In *Dunlap*, the trial court ordered the parties to participate in a follow-up settlement conference and have a representative with full authority to settle attend. *Id.* at *1. At the follow-up settlement conference, "[d]espite the Court's order that a representative of State Farm with full settlement authority up to the Plaintiff's most recent demand appear for the reconvened conference, no such representative attended." *Id.* at *1. The Fifth Circuit noted "A magistrate judge is afforded broad discretion in resolving non-dispositive motions." *Id.* at *3. Ultimately, the District Court ordered, and the Fifth Circuit affirmed, sanctions on State Farm for their "direct violation of the Court's order." *Id.* at *3. Under *Dunlap,* this Court has the authority and broad discretion to resolve Defendants' failure to comply with this Court's January 9, 2020 order, including ordering Defendants to respond to Plaintiffs October 2019 efforts to continue negotiations or ordering Defendants to participate in scheduling another conference with Judge Hanna.

In *Wilson*, the District Court ordered the parties to participate in mediation and required attendants to have "authority to negotiate a settlement" and "be present during the entire mediation process." *Id.* at *2. Without prior approval by the District Court, Defendant's representative attended the mediation telephonically. *Id.* at *2. Plaintiff filed a Motion for Sanctions and the Magistrate Judge recommended granting the motion, ordering sanctions, and awarding costs. *Id.* at *8. The District Court adopted the recommendation. *Id.* Under *Wilson's* application of FRCP 16, this Court has the authority to issue any just order to resolve Defendants failure to comply with this Court's January 9, 2020 order, including ordering Defendants to respond to Plaintiffs' October 2019 efforts to continue negotiations, or ordering Defendants to participate in scheduling another conference with Judge Hanna.

Plaintiffs merely request this Honorable Court to order Defendants to respond to Plaintiffs' October 2019 effort to continue settlement negotiations because Defendants prolonged failure to continue settlement negotiations violates this Court's January 9, 2020 Order. Alternatively, Plaintiffs request this Honorable Court to order Defendants to participate in scheduling another conference with Judge Hanna.

Respectfully submitted,

/s/ Steven G. Durio
STEVEN G. DURIO (#05230)
D. PATRICK KEATING (#14417)
RYAN M. GOUDELOCKE (#30525)
TRAVIS J. BROUSSARD (#33036)
**Durio, McGoffin, Stagg & Ackermann**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA   70505-1308
Phone:  (337) 233-0300
Fax:     (337) 233-0694
Email:  durio@dmsfirm.com
            rick@dmsfirm.com
            ryan@dmsfirm.com
            travis@dmsfirm.com
**Attorneys for the Collective and the Class**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiffs' **Memorandum in Support of Motion to Enforce Order to Continue Negotiations** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 16th day of April, 2020.

/s/ Steven G. Durio
STEVEN G. DURIO