UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ANTOINE RICHARD, DARRELL
RICHARD, CHRIS MECHE, DERBY
DOUCET, SR., KEVIN RABEAUX, and
MARK LOUVIERE, individually and on
behalf of all similarly situated individuals,

     Plaintiffs,

VERSUS

FLOWERS FOODS, INC.; FLOWERS
BAKING COMPANY OF LAFAYETTE,
LLC; FLOWERS BAKING COMPANY OF
BATON ROUGE, LLC; FLOWERS
BAKING COMPANY OF NEW ORLEANS,
LLC and FLOWERS BAKING COMPANY
OF TYLER, LLC,

     Defendants.

CIVIL ACTION NO. 15-cv-2557

DISTRICT JUDGE S. MAURICE
HICKS

MAGISTRATE JUDGE CAROL
B. WHITEHURST

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE ORDER TO CONTINUE NEGOTIATIONS

On April 16, 2020, in the midst of the COVID-19 pandemic, court orders across the country

extending deadlines, and without any attempt to confer beforehand, Plaintiffs filed a "Motion to

Enforce Order to Continue Settlement Negotiations." (Ct. Doc. No. 392, 392-1).  In it, Plaintiffs

openly request that the Court insert itself into the Parties' settlement discussions by: (1) ordering

Defendants to respond to Plaintiffs' latest settlement offer (which Defendants have since done); or

(2) ordering the parties to attend another settlement conference with Judge Hanna.

Plaintiffs' efforts to buttress their Motion with case law where the parties violated the

express terms of settlement orders, leading to a finding of bad faith, is a far cry from the current

situation.  In fact, the current situation constitutes the very antithesis of bad faith negotiations.

To date, the parties have mediated over a period of four (4) full days, utilizing both nationally renowned wage-and-hour expert Hunter Hughes and Magistrate Judge Hanna. And, this does not include informal settlement discussions that have occurred over a period of years in this lawsuit.

If the parties cannot reach a private resolution at this point, the case must proceed through litigation, up to and including a decision on decertification and class certification, including any appeals of the same, summary judgment and, if necessary trial and any appeals thereafter.

## II.     FACTUAL BACKGROUND

This case has been pending since December 2015. Since that time, the parties have engaged in multiple sets of settlement discussions in good faith over several years. On September 26, 2018, the parties formally moved to stay the case to assist in these discussions. (Ct. Doc. No. 346). For the next several months, the Parties attended a full-day mediation session with Hunter Hughes, Esq. (a nationally known wage-and-hour mediator) and an additional three, full-day settlement conferences with Judge Hanna. In between all sessions, the Parties continued to discuss potential resolution. On April 5, 2019, Judge Hanna issued a minute entry that "[t]he parties failed to reach an amicable settlement of their dispute" (Ct. Doc. 362). The Parties subsequently moved to lift the stay. (Ct. Doc. No. 363). The Court granted the Order lifting the stay on April 8, 2019. (Ct. Doc. 364).

Since that time, Plaintiffs have filed two Motions for Leave to file supplemental briefing on Defendants' Objections to the Magistrate Judge's Report and Recommendations Regarding Decertification and Class Certification. After Plaintiffs filed their second motion for leave, the Court ordered a status conference on January 9, 2020. (Ct. Doc. No. 380).

During the status conference, the Court ordered a briefing schedule for Plaintiffs' Second Motion for Leave. The Court also inquired about settlement. Defendants' counsel advised that

while they would discuss potential settlement with Plaintiffs directly, unless Plaintiffs' counsel's view of the case changed, they saw no point in continued settlement discussions. The Court subsequently issued minutes from the Status Conference, directing the parties to "continue to engage in settlement discussions" and that they should contact Judge Hanna's office to request a "continuation of the previously held settlement conference *when the parties believe that such conference will further resolution of this matter*." (Ct. Doc. 381) (*emphasis added*).

On March 5, 2020, Judge Hanna sent an email to counsel for Defendants inquiring about the status of discussions. Defendants' counsel responded immediately that they would be putting a response together. Shortly thereafter, COVID-19 hit the nation, closure orders began piling up , and Defendants' counsel had to spend a significant amount of time assisting clients with the unprecedented issues this pandemic has created. On April 16, 2020, Plaintiffs filed the instant Motion, without any attempt to confer with Defendants beforehand, asking the Court to order Defendants to respond to the latest settlement offer or, alternatively, to participate in another settlement conference with Judge Hanna. (Ct. Doc. No, 392-1). On May 1, 2020, Defendants' counsel responded to Plaintiffs' latest offer. Plaintiffs have not yet responded.

## III.   ARGUMENT

In their Motion, Plaintiffs argue that the court has the authority to order parties to participate in good-faith settlement discussions under Fed. R. Civ. Pro. 16. (Ct. Doc. No. 392-1). Plaintiffs also note that district courts can take various actions, to include issuing sanctions, if the party fails to comply with an order to engage in settlement discussions. (*Id.* at 2). In support, Plaintiffs cite two cases where courts upheld sanctions after the parties directly violated the express terms of settlement orders. The cases cited by Plaintiffs in purported support of their request for unprecedented Court intervention in settlement discussions include examples such as not sending

anyone with authority to the settlement conference and not participating in person as required.  *See*

Ct. Doc. No. 392-1 (*Dunlap v. Agostino,* No. 17-11486, 2019 WL 3306518 (E.D. La. July 23,

2019) (sanctions issued because party didn't send person with authority to resolve case to court-

ordered mediation despite explicit provision in order) and *Wilson v. Smith & Nephew, Inc.,* No.

3:12-CV-1063-B, 2013 WL 1875949, at 1 (N.D. Texas 10, 2013, *report and recommendation*

*adopted,* No. 3:12-CV-1063-B, 2013 WL 1880770 (N.D. Tex. May 6, 2013) (sanctions awarded

when party did not attend court-ordered settlement conference t in person).  The facts of this case

could not be any more distinguishable.

This is not a case where Defendants have refused to engage in settlement discussions in

good faith.  Rather, this is the exact opposite.  Defendants have attended **four full days of**

**mediation sessions** in good faith and with two different mediators, all of which included

significant follow-up discussions.  Defendants agreed to stay the case to facilitate these discussions

to no avail.  Defendants have now responded to Plaintiffs' latest settlement offer.  While

Defendants' response was delayed, the reasons for the delay are more than justified under the

circumstances.  Had Plaintiffs simply called Defendants to ask about the status of this counteroffer

before filing this Motion, Defendants would have provided this background and discussed when

they could realistically provide a response in light of the same. And, the instant Motion would

have been completely unnecessary.

Meanwhile, there is no basis to order the parties to engage in additional settlement

discussions at this point under Fed. R. Civ. P. 16 or otherwise.  The *Dawson* case cited by Plaintiffs

makes this point abundantly clear.  In *Dawson,* the district court imposed sanctions against the

Assistant United States Attorneys ("AUSAs") because the court found that the AUSAs violated a

local rule requiring parties to "make a good-faith effort to settle."  *Dawson v. U.S.,* 68 F.3d 886

(5ᵗʰ Circ. 1995).  Like here, in *Dawson*, the parties had conducted settlement discussions as the court ordered.  However, the AUSAs did not make a monetary settlement offer because they did not believe the suit had any merit and had filed a pending summary judgment motion.  *Id.* at 889-890.  Following a motion by plaintiff, the district court ordered sanctions against the AUSAs because it found they did not make a "good faith effort to settle." *Id.* at 893.

The government appealed this ruling to the Fifth Circuit Court of Appeals arguing, among other things, that the local rule exceeded the court's authority over the settlement of matters.  *Id.* at 894.  The Fifth Circuit Court agreed, reversing the district court's findings of bad faith and vacating sanctions.  While the Fifth Circuit did, as Plaintiffs' note, "applaud the district court's efforts to encourage and facilitate settlement," it ultimately found that the district court abused its discretion by requiring that a settlement offer be made as part of a "good faith offer to settle" under the local rule.  *Id.* at 897.  The Fifth Circuit noted:

> Obviously, there is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion. Such as result cannot be tolerated.

*Dawson v. U.S.,* 68 F.3d 886, 897 (5ᵗʰ Cir. 1995) (and multiple cases cited therein).

Tellingly, the Fifth Circuit also reasoned:

> Early settlement of cases is an incredibly laudable goal, which federal judges have considerable power to encourage and facilitate, *see, e.g.,* FED. R. CIV. P. 16, and which is essential to controlling the overcrowded dockets of our courts. . **. On the other hand, as the district court acknowledged, parties may have valid and principled reasons for not wishing to settle particular cases.**

*Id.* at 897 (emphasis added).  Finding that defendants in *Dawson* had good cause not to settle, the Fifth Circuit reversed the district court's findings that the AUSAs acted in bad faith and vacated the award of sanctions.  *See Id.* at 898.

The same reasoning rings true here. Defendants have participated in extensive settlement discussions in good faith. Defendants have submitted a counter to Plaintiffs' latest settlement offer. If Plaintiffs' response is not acceptable, Defendants can reject it. One way or the other, Plaintiffs' request that the Court improperly intervene in settlement discussions is itself improper, both in form and substance, and should be addressed by the Court as such.

. Consequently, there is no question that Plaintiffs' Motion should be denied in whole. And, the Court should not condone further tactics like this by Plaintiffs.  The time and expense associated with responding to this Motion, lacking both consultation before filing and any substance, were wholly unnecessary.  And, Plaintiffs' filing of this Motion in the first place, which easily could have been avoided by a mere phone call, in the midst of COVID-19, should not be condoned.

## IV.    CONCLUSION

For these reasons, Plaintiffs' Motion must be denied in its entirety.

RESPECTFULLY SUBMITTED

/s/  *Andrew J. Halverson*
Gregory Guidry, La. Bar No. 06489
Andrew J. Halverson, La. Bar No. 31184
**Ogletree, Deakins, Nash, Smoak
   & Stewart, P.C.**
603 Silverstone Road, Suite 102A
Lafayette, LA 70508
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 337.769.6583 / 504.648.3840
Facsimile: 504.648.3859
Email: gregory.guidry@ogletreedeakins.com

AND

* Margaret Santen Hanrahan, GA Bar No. 578314
* Michael Ray, IL Bar No. 6285109
*Benjamin R. Holland, NC Bar No. 28580
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704.342.2588
Facsimile:  704.342.4379
Email: maggie.hanrahan@ogletree.com
michael.ray@ogletree.com
ben.holland@ogletree.com

* Admitted Pro Hac Vice

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed via the Court's Electronic Case Filing System, which provides for service on all counsel of record.

This 6th day of May, 2020.

/s/ Andrew J. Halverson
ANDREW J. HALVERSON

- 
- 
- 
- 
- 42754348.1