UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTOINE RICHARD, ET. AL                CIVIL NO.: 15-2557

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

FLOWERS FOODS, INC., ET. AL            MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM ORDER**

Before the Court is an Amended Report and Recommendation by the Magistrate Judge (Record Document 404) suggesting this Court grant the Plaintiffs'[1] Motion for Class Certification (Record Document 299) to certify a class under the Louisiana Wage Payment Act ("LWPA"), La. Rev. Stat. § 23:631, *et. seq*, and deny Flowers Foods' Motion for Decertification (Record Document 310) to decertify the conditional class under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. Considering both Motions, the recommendations of the Magistrate Judge, and all objections filed herein, the Motion for Certification (Record Document 299) is **DENIED** and the Motion for Decertification (Record Document 310) is **GRANTED**.

The Court relies on the recent U.S. Court of Appeals for the Fifth Circuit decision in Swales, et al. v. KLLM Trans. Serv., LLC, 985 F.3d 430 (5th Cir. 2021), in reaching its conclusion. The district court in Swales was asked to certify a class of individual transporters under the FLSA who argued they should be characterized as employees of KLLM, not independent contractors. The district court instituted its own hybrid version of the Lusardi certification analysis to grant class certification. On review, the Fifth Circuit rejected Lusardi and instead reiterated that it is the district courts who have "broad,

---

[1] Plaintiffs are a representative group of individual distributors employed by Flowers Foods, LLC.

1

litigation-management discretion" in deciding whether to certify or decertify a class. Id. at 443. The Fifth Circuit held that the district court must consider all evidence relating to the merits of independent contractor question to determine whether the analysis could be applied class wide. While the Fifth Circuit did not address whether the class should be certified, its reasoning is illustrative. The appellate court instructs district courts to determine whether assessing the appropriateness of class certification will begin an individualized expedition into each class member's circumstances. If so, certification may not be proper.

As explained by the Magistrate Judge in the instant Amended Report and Recommendation, to certify a class under the LWPA requires imposition of the factors set forth in Federal Rule of Civil Procedure 23[2] while the FLSA simply requires the collective members be "similarly situated." 29 U.S.C. § 201. Here, Plaintiffs assert that because all potential class members seek classification as employees, the requirements of Rule 23 and the FLSA are met. This Court agrees that on its face, the proposed members clear the hurdles of class certification. There is a common, central question among distributors that ties them all together: should they be treated as employees rather than independent contractors?

However, the Court foresees difficulties in maintaining the classes as the suit proceeds. While each plaintiff is "similarly situated" in that they are all labeled as

---

[2] For the LWPA claim Plaintiffs must establish 1) that the class is ascertainable, 2) that joinder is impracticable, 3) there are common questions of law or fact 4) the representatives' claims are typical 5) the representatives fairly and adequately represent class interests. See F.R.C.P. 23. Under 23(b)(3), a plaintiff must prove there are questions of fact or law common to the class that predominate over individual issues and that a class action is the superior method of trying the issues. See F.R.C.P. 23 (b)(3). Alternatively, 23(b)(2) is appropriate when the opposition to the class has acted or refused to act on grounds that apply generally to the class.

"distributors" seeking the same treatment, the Court believes the evidence presented indicates that adjudication of the merits would "quickly devolve into a cacophony of individual actions." Swales, 985 F.3d at 442. As pointed out by Flowers Foods, the agreements signed by distributors are dissimilar, the ways distributors accomplish their jobs are different, each distributor's relationship with his superiors is unique, the amount of overtime hours worked without pay vary as do the number of employees hired by individual distributors. The Court also notes that distributors in the proposed class are employed by different subsidiaries of Flowers Foods, Inc. from New Orleans, Louisiana to Tyler, Texas. Additionally, Flowers Foods is correct to underscore that the application of multiple defenses available against each distributor will require individual assessment by the Court. Because future adjudication of the merits will result in a splintering of the two classes into subgroups, the Court believes certification is inappropriate for both the LWPA and the FLSA claims.

For the foregoing reasons, this Court declines to adopt the Amended Report and Recommendation (Record Document 404) of the Magistrate Judge.

Instead, **IT IS ORDERED** that the Motion for Class Certification (Record Document 299) to certify the class of Plaintiffs under the Louisiana Wage Payment Act be **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Decertification (Record Document 310) to decertify the conditional class under the Fair Labor Standards Act be **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 8th day of April, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT