# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINE RICHARD, ET AL. | CIVIL NO. 15-2557 |
| V. | JUDGE S MAURICE HICKS, JR. |
| FLOWERS FOODS, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration (Record Document 424) of this Court's previous Memorandum Order issued on April 9, 2021 (Record Document 423). The Plaintiffs, who are representatives of a proposed class, ask this Court to reconsider its denial of class certification under the Louisiana Wage Payment Act and its decertification of the conditional class under the Fair Labor Standards Act. Defendants Flowers Foods, Inc. and its subsidiaries oppose the Motion. See Record Document 430. For the following reasons, the Motion is **DENIED**.

This Court may revisit a previous order to determine whether there are "manifest errors of law or fact upon which the judgment is based, whether new evidence is available, whether there is a need to prevent manifest injustice, or whether there has been an intervening change in controlling law." Phillips v. Whittington, 2020 WL 6325406 at * 11 (W.D. La. 2020). A "[p]laintiff's dissatisfaction with the result does not merit" a reversal of the Court's prior finding. Llagas v. Sealift Holdings, Inc., 2019 WL 3526844 at * 3 (W.D. La.).

The Court, in its Memorandum Order (Record Document 423), denied certification and granted decertification of the two proposed classes because it believed any analysis into the merits of the potential class members' arguments could not be applied class wide.

See <u>Swales v. KLLM Trans. Serv., LLC.</u>, 985 F.3d 430 (5th Cir. 2021). This Court found that "assessing the appropriateness of class certification will begin an individualized expedition into each class member's circumstances." Record Document 423 at 2. Plaintiffs, in their Motion, rest heavily on the findings of the Magistrate Judge. They assert that the differences relied upon by this Court in reaching its decision[1] are insignificant to the overall question of whether there is a predominant issue that binds them all. They contend that splintered minitrials will not occur if the classes are certified, rather, they are more likely to occur if this Court does not certify. Their solution to any potential breakdown of the classes is for this Court to issue a case management order to the Magistrate Judge.

The Court, however, finds that the Plaintiffs have failed to present a valid reason for reconsideration. See <u>Phillips</u>, 2020 WL 6325406 at * 11. Instead, Plaintiffs largely use their Motion to reinvigorate the findings of the Magistrate Judge in her Amended Report and Recommendation (Record Document 404) and to express their overall disagreement with this Court's ruling. The Court believes the Fifth Circuit's ruling in <u>Swales</u>, which was issued after the Magistrate's Report and Recommendation, overshadows the analysis conducted by the Magistrate Judge. <u>Swales</u> calls on this Court to exercise broad litigation discretion and to consider all evidence relating to the merits of the independent contractor question posed by the Plaintiffs, including whether "the collective action would quickly devolve into a cacophony of individual actions." <u>Swales</u>, 985 F.3d at 442. Plaintiffs' suggestion to proceed as a class which may then be broken into subclasses or narrowed

---

[1] Notably, the Plaintiffs argue in their Reply to the Defendants' Opposition, that this Court failed to fulfill its duty to conduct a "rigorous analysis" and "probe behind the pleadings" to reach its conclusion to certify or decertify. The Court rejects this argument, as it relied on the detailed analysis of the facts conducted by the Magistrate Judge as a foundation before proceeding to conduct its own research into the facts and law relevant to its decision.

by motion practice defeats the purpose of certifying a class action, and the Court will not adopt the "figure-it-out-as-we-go-along approach" advocated for by the Plaintiffs. See Prantil v. Arkema, Inc., 986 F.3d 570 (5th Cir. 2021).

For the foregoing reasons and those set forth in the Memorandum Order (Record Document 423),

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 424) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT