UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANTOINE RICHARD, DARRELL RICHARD, CHRIS MECHE, DERBY DOUCET, SR., KEVIN RABEAUX** and **MARK LOUVIERE**, individually and on Behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br><br>**VERSUS**<br><br>**FLOWERS FOODS, INC.; FLOWERS BAKING COMPANY OF LAFAYETTE, LLC; FLOWERS BAKING COMPANY OF BATON ROUGE, LLC; FLOWERS BAKING COMPANY OF ALEXANDRIA, LLC; FLOWERS BAKING COMPANY OF NEW ORLEANS, LLC; and FLOWERS BAKING COMPANY OF TYLER, LLC**<br><br>    Defendants. | **CIVIL ACTION NO. 15-cv-2557**<br><br>**DISTRICT JUDGE S. MAURICE HICKS, JR.**<br><br>**MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF

### PLAINTIFFS' MOTION TO AMEND THIS COURT'S APRIL 9, 2021 ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. 1292(b)

**May it Please the Court**:

This memorandum is submitted by **Antoine Richard**, **Darrell Richard**, **Chris Meche**, **Derby Doucet**, **Sr.**, **Kevin Rabeaux** and **Mark Louviere** ("Plaintiffs") in support of their Motion to Amend this Court's April 9, 2021 Memorandum Order to include certification for interlocutory appeal under 28 U.S.C. 1292(b).

1

In particular, Plaintiffs request that the Court certify the following questions of law:

1. Does the Fifth Circuit's precedent in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (C.A.5, 2021), permit *Lusardi* decertification of an FLSA collective action after court-ordered notice has issued and discovery is complete?

2. Does *Swales* modify enunciation of the "rigorous analysis" of the FLSA's "similarly situated" test?

## I. FACTUAL BACKGROUND

Plaintiffs are bakery-products distributors that deliver Flowers Foods products to retailers. All plaintiffs have signed Distributor Agreements with Defendants where Defendants represented to Plaintiffs and all similarly situated distributors ("Distributors") that they would be independent contractors and have the freedom to exercise managerial skill to run a profitable business.

In recent years, Defendants have changed the way they conduct their business. Defendants now negotiate all aspects of sales contracts with national and regional grocery chains. Defendants now control every level of the distribution process, including price, quantity, service levels, sales, advertisements, promotions, marketing, the handling of stale products, delivery procedures, discipline, customer service, and more. As a result, Defendants now dictate virtually every aspect of Distributors' jobs. Distributors are no longer the independent businessmen they believed they were, but employees of Flowers Foods.

In addition to stripping Distributors of their independence, the job requirements imposed by the Defendants require each Distributor to work at least 45 to 65 hours per week. Each Distributor is required to purchase distribution rights from Defendants to sell and distribute

specific product brands to customers in a geographic territory defined by Defendants. Each Distributor shares the same primary job responsibility of servicing exclusively Defendants' customers in accordance with "good industry practice" as defined in the Distributor Agreement.

Each Distributor begins the work day by arriving at the Defendants' warehouse to load product onto their trucks or trailers, which Defendants' employees have sorted, organized and packed. All Distributors pay an administrative fee and warehouse rental fee to Defendants which is deducted from their weekly settlement checks. Each Distributor is required by Defendants to use a hand held computer supplied by Defendants for ordering product. Virtually all sales are made by Defendants and not by Distributors. Each Distributor is required by Defendants to deliver products to customers within certain timeframes every service day. Defendants also impose deadlines for adding products or subtracting from orders and returning stale product for credit.

Each Distributor must stock products according to predetermined planograms set by Defendants. Each Distributor can only deliver, order and stock products that a customer has approved with Defendants. Flowers sales managers and directors of sales retain ultimate control over order quantities; have the ability to add to orders Distributors place without the permission of the Distributor; and frequently make such changes. Each Distributor must deliver the products placed by Defendants and in the manner instructed by Defendants or Defendants will discipline the Distributor.

Despite treating Distributors like employees in almost every other respect, Defendants do not pay overtime premium pay as required by federal law. Plaintiffs brought this lawsuit to recover, among other things, monetary damages for violation of the Fair Labor Standards Act's overtime pay requirements.

## II.  PROCEDURAL POSTURE

The above factual recitations reflect the considered conclusions of the Magistrate Judge in her Amended Report and Recommendations (Rec. Doc. 404) after literally years of discovery, long since complete, by all parties.

Plaintiffs' Complaint was filed October 21, 2015. Employing *Lusardi*[1] two-step procedure, Plaintiffs' Fair Labor Standards Act collective action was "conditionally" certified on November 28, 2016 (Rec. Doc. 136-1). Defendants moved to decertify on January 17, 2018. The Magistrate's initial Report and Recommendations, advising denial of decertification, issued August 13, 2018 (Rec. Doc. 339). The Court remanded for further consideration, and the Magistrate's Amended Report and Recommendations followed.

By Memorandum Order on April 9, 2021, the Court instead granted Defendants' Motion for Decertification (Rec. Doc. 423). In its Order, the Court noted the recent decision of the Court of Appeals for the Fifth Circuit in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (C.A.5, 2021), which this Court (accurately) interpreted as rejecting two-step "conditional" certification under *Lusardi*.

However, instead of recognizing that *Swales* no longer permits *Lusardi* decertification – FLSA "certification" is now an *outset* inquiry, "made… as early as possible [to] dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs"[2] – the Court *followed Lusardi*.

That *Swales* was decided while Defendants' motion was pending is immaterial; the Court of Appeals' decision, announced in January of this year, controlled the analysis. Pursuant to *Swales*, "conditional certification" no longer is the law of this circuit; and the "initial

---
[1] *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J., 1987).
[2] *Swales*, 985 F.3d at 441.

4

determination" on a motion like Defendants' answers *only* the questions of whether notice should issue to potential opt-in plaintiffs, and how much discovery is necessary to determine what group of potential plaintiffs (if any) is "similarly situated."

"In other words, the district court, not the standards from *Lusardi*, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs." *Swales*, 985 F.3d at 441. In this case, of course, notice was authorized by the Court and unlimited discovery undertaken (and completed) years ago. After *Swales*, there was nothing "conditional" about collective-action certification here – certification is no longer "conditional." The *Swales* analysis has long since been completed, and a *Lusardi* motion, like Defendants', to revisit the Court's prior certification is no longer an appropriate case-management step.[3]

Moreover, it is respectfully submitted that the Court in its Memorandum Order (as well as in its reasons for denial of reconsideration) misunderstood *Swales* to modify the degree of inquiry which the district court must undertake on "decertification" (to the extent *Swales* any longer permits such a motion).

*Swales* did not (and did not hold itself out to) change precedent on this point. Instead, it explicitly reiterated that "a district court must rigorously scrutinize the realm of 'similarly situated' workers," 985 F.3d at 434. The Court's reconsideration denial noted that, in its April Memorandum Order granting decertification, it "relied on the detailed analysis of the facts conducted by the

---

[3] The Court of course retains authority to employ appropriate case-management determinations in handling its docket. But *Lusardi* decertification as Defendants sought and were granted here is, after *Swales*, no longer permissible. Instead, *Swales* implies that early and definitive "similarly situated" analysis is intended to remain the law of the case, absent a compelling reason to revisit the issue, in the interests of judicial economy. *Swales*' entire point was remand to a district court to reconsider granting authority to issue notice at case outset to avoid needless litigation; in rejecting *Lusardi*'s multi-step certification process the Court of Appeals cannot have intended to *multiply* the resulting burden of litigation, the obvious outcome if *Swales* simply *added* "rigorous scrutiny" at the outset of a case without *limiting* repeated re-litigation of the same question. In short, what was within the *Lusardi* framework two steps is now, under *Swales*, one – and that one step has long since been complete in this case.

5

Magistrate Judge as a foundation before proceeding to conduct its own research into the facts and law relevant to its decision" (Rec. Doc. 434, FN1).

However, the results of that further research are not plain either from the April 9, 2021 order or the subsequent order on reconsideration. Fifth Circuit precedent "require[s] district courts to, inter alia, 'look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (C.A.5, 2012) (quoting *McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 548 (C.A.5, 2003)). Less than one page of, with respect, conclusory factual understandings does not follow *Swales*' dictate to "rigorously scrutinize" the record.

"Such a barebones analysis, without citations to specific, factual support in the record, simply does not permit a reviewing court to conclude that the District Court in fact undertook 'rigorous' review mandated by our precedents." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 129 (C.A.3, 2018).

### III. ARGUMENT

28 U.S.C. 1292(b) authorizes the Court to certify an order for interlocutory appeal if the order 1) "involves a controlling question of law" as to which 2) "there is substantial ground for difference of opinion" when 3) "immediate appeal from the order may materially advance the ultimate termination of the litigation."

#### A. The Court's Order Granting Decertification Involves Controlling Questions of Law

Following *Swales*, two-step *Lusardi* collective-action certification is no longer appropriate in this Circuit. In this case, the Court granted second-step *Lusardi* decertification, counter to

*Swales*' instruction that rigorous evaluation of the "similarly situated" standard should occur (as it did in this case) prior to notice being sanctioned by the court or discovery being authorized. Defendants' motion, it is respectfully submitted, became untimely and inappropriate as soon as *Swales* issued, and either Defendants on their own or the Court in response should have recognized that *Lusardi* decertification is no longer permissible.

Instead, the Court *granted* a motion advanced under *Lusardi* while citing the Court of Appeals in a case that *rejected* second-step decertification. What post-notice and post-discovery "decertification" procedure *Swales* permits following that decision, if any, is an open question. What that decision does *not* permit is exactly the *Lusardi* "decertification" process that occurred here. *Swales* in the interests of economy arguably has *limited* case management in order to avoid litigants biting the "certification" apple to its core (a danger this case demonstrates amply).

B.     *There Are Substantial Grounds for Difference of Opinion*

But "arguably" is used advisedly. *Swales* read most narrowly would reject use of *Lusardi* two-step certification *only* at the outset of a case, leaving district courts free to employ the latter decision's methodology later.

On this reading, *Swales* would have no application to this matter at all, because notice has long since been authorized and discovery is complete. However, the Court explicitly found *Swales* central to its decertification decision – indicating it was reading that decision more broadly.

On broadest reading, and taken at its word, *Swales* no longer permits the decertification motion the Court granted. "Similarly situated" is decided at case inception (when prior practice would "conditionally" certify) and second-step *Lusardi* decertification is rejected as an undesirable multiplication of effort. *Swales* itself is not clear on its implications for decertification, if such is

7

even allowed any longer, and likewise the Court's application of that decision leaves room for debate.

        C.     *Immediate Appeal Will Advance the Ultimate Termination of the Litigation*

There is no doubt that interlocutory appeal would advance the ultimate termination of this litigation. If the Fifth Circuit were to hold that *Swales* no longer permits decertification, or find Defendants' *Lusardi* motion defective for like reasons, a single collective action would proceed to trial.

Should the Court's ruling stand, on the other hand, the named plaintiffs' case will continue to trial and the opt-in plaintiffs will be required to re-file multiple actions, decided by multiple trials. Such a drastic difference in outcomes will have significant consequences on the potential the parties may negotiate resolution without need for (one or multiple) trials.

And while the Court could certainly proceed with this litigation by named plaintiffs and the to-be-filed suits by the remaining plaintiffs, a different conclusion on "decertification" in post-trial appeal could require the Court to go back and start over entirely. The same is true if on appeal the Court's decertification order is found insufficiently reasoned.

In light of the scope and complexity of a single collective-action trial versus multiple trials by the named and opt-in plaintiffs, ensuring that certification issues are thoroughly and finally resolved would clearly advance the case toward termination.

        D.     *Each of Sec. 1292(b)'s Requirements is Satisfied As to "Rigorous Analysis"*

As discussed above, the Court held in denying reconsideration that *Swales* "overshadows the analysis conducted by the Magistrate Judge" (Rec. Doc. 434, p. 2). Rejecting that analysis, the

8

Court referenced relying upon the Magistrate Judge's Report and Recommendations "as a foundation" before conducting its own analysis – presumably pursuant to rules set forth in *Swales*.

But the Court's analysis in the alternative to the Report before it is nowhere enunciated. In particular, what rules found in *Swales* applied to reject the Report's lengthy, detailed factual and legal conclusions were not identified; the facts to which those rules were applied were not set out; and the requisite legal conclusions were not reached except in conclusion. While it is within the sound discretion of the district court to reject a magistrate judge's facts and reasons, it is error to substitute only conclusions.

Although Plaintiffs do not believe *Swales* modified the requirement to enunciate in detail the "rigorous analysis" necessary, the Court's orders indicate it ruled otherwise. Whether *Swales* modified the requisite detail on decertification (or certification, for that matter) is a controlling question of law.

Likewise, there are grounds to disagree. The Court's order on decertification would suffer from exactly the same deficiencies that Defendants found with the Magistrate Judge's conclusions – <u>unless</u> *Swales* modified that burden. Plaintiffs do not believe that it did, but the Court's reliance on *Swales* suggests otherwise.

Finally, review now as to the sufficiency of the decertification order has the potential to massively benefit the parties and the court system. If that order at post-trial appeal is found insufficient, potentially multiple jury trials (one for the named plaintiffs and multiple for the opt-in plaintiffs) will have been a waste of resources. That prospect is a daunting one for Plaintiffs and Defendants alike.

Interlocutory appeal to establish what changes *Swales* may have made to the "rigorous analysis" standard of review clearly would advance termination, and simplicity going forward, of this litigation.

## **CONCLUSION**

The Court's decertification order, it is respectfully submitted, satisfies each of the three requirements of 28 U.S.C. 1292(b). Given the significant and novel legal issues addressed in that order, on which there are substantial grounds for difference of opinion and the resolution of which could advance ultimate termination of the litigation, the Court should amend its order to include certification for interlocutory appeal under Sec. 1292(b).

Respectfully submitted,

STEVEN G. DURIO (#05230)
D. PATRICK KEATING (#14417)
**Durio, McGoffin, Stagg & Ackermann**
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308
Phone: (337) 233-0300
Fax: (337) 233-0694
Email: durio@dmsfirm.com
rick@dmsfirm.com


_/s Ryan Goudelocke_____
RYAN M. GOUDELOCKE (#30525)
**Caraway LeBlanc, LLC**
130 South Audubon Blvd., Suite 105
Lafayette, LA 70503
Phone: (337) 345-1985
Fax: (337) 233-9095
Email: rgoudelocke@carawayleblanc.com

**and**

THOMAS M. HAYES, IV (#28600)
**Hayes, Harkey, Smith & Cascio, L.L.P.**
2811 Kilpatrick Blvd. (71201)
Post Office Box 8032
Monroe, LA 71211-8032
Phone: (318) 387-2422
Fax: (318) 388-5809
Email: tommy@hhsclaw.com

**ATTORNEYS FOR THE PLAINTIFFS
AND THE CLASS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion has been filed via the Court's CM/ECF system, which will provide notice to all counsel of record, this 12th day of August, 2021.

                                            _/s/ Ryan M. Goudelocke_
                                             Ryan M. Goudelocke